EUGENE ROCHEREAU et al. *v.* JEAN JONAU & WIFE et al.

Where the husband and wife by their marriage contract, executed in France, stipulated : 1st, That they adopted, as the law of their marriage, the dotal system, (*régime dotal*,) to the exclusion of that of 'the community, (*régime en communauté*,) and 2d, that the acquisitory (*acquets*) made during the marriage should be shared equally by the spouses, and should revert to the children of the marriage, each of the contracting parties, in default of such children, to have the free disposition of his or her moiety. It was held that this contract created under the French law a modified or limited community (*communauté conventionelle*) between the spouses—and that all acquisitions made after the marriage, except such as were made by inheritance or donation to one of the spouses, belonged to this community.

*Held*, consequently, that the husband and wife having removed to Louisiana after the marriage, immovable property acquired here in the name of the latter was not the separate property of the wife but formed a portion of the community, and the husband having become insolvent and having made a surrender of his property to his creditors, the title of the immovables so acquired, vested, by force of the surrender, in them.

*Held*, also, under this contract, the wife could not acquire a separate estate in her own name until the community was dissolved by the decree of a competent tribunal, unless the acquisition was made by a re-investment of her paraphernal capital.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Magne, Latour* and *H. D. Ogden*, for plaintiffs and appellants. *Dufour, Castera* and *Charvet*, for defendants.

MERRICK, C. J. The principal question in this case arises out of a marriage contract entered into in France, by *Jean Jonau* and wife on the eve of their marriage.

It contains among others the two clauses following, viz:

" Article 1er.  Les futures ont declaré vouloir être mariés sous le régime
dotal à l'exclusion de celui de la communauté."

" Art. 5.        *        *        *        *        *        *        *        *

Ils s'associent en outre aux acquets qu'ils feront, lesquels seront reversibles
aux enfants qui seront provenus du présent mariage, et à défaut d'enfants cha-
cun des futurs disposera de sa moitié ainsi qu'il avisera."

The wife having purchased in her own name a small tract of land and dwelling
house, previous to the surrender of her husband, we are called upon to decide
whether it shall be held by the wife or administered by the syndic for the benefit
of the creditors of the community and insolvent.

If we give the same effect to the marriage contract which would be given to
it in France, where it was executed, it will not sustain the pretensions of *Mrs.
Jean Jonau* and it will not, therefore, be necessary to decide whether a marriage
contract, executed in a foreign country, circumscribing or setting aside altogether
the community of acquets and gains would be carried into effect here, where it
affected the rights of third parties.

The two stipulations in the marriage contract, in France, had this effect only.
It prevented the movables of the spouses, possessed at the time of their marriage
or subsequently acquired by inheritance or donation, from falling into the com-
munity, as they otherwise would by the French law, and it gave the husband
the exclusive control over the dotal effects during the marriage, the wife the con-
trol of her extra dotal estate with the obligation to carry the the annual revenues
thereof into the limited community, and made that community to consist of all
acquisitions after the marriage, except by inheritance or donation to one of the
spouses, and left the respective rights of the husband and wife, in regard to this
limited community, in other particulars, as in the case of the community estab-
lished by law.  C. N.. 1581, 1498· and 1499, Troplong du Mariage, vol. 3.,
Nos. 1852, 1854 and 1891.

We think it must follow, that the property purchased by the wife in her own
name, before the surrender of her husband, which has not been shown to be the
re-investment of her paraphernal effects, belonged to this limited community, of
which the husband was the head and master ; and that by the surrender it passed
to his creditors.   Indeed, it is difficult to perceive in what manner the wife can
acquire a separate estate in her own name, otherwise than by the re-investment
of her paraphernal capital, until this community is dissolved by a decree of a
competent tribunal.

On the other point, we see no error in the judgment of the District Court in
refusing to remove *Paul Juge, jr.*, from his office of syndic.   He may well have
supposed that *Mrs. Jonau* could acquire separate property, and the prompt man-
ner in which the sale was rescinded, satisfied the Judge of the lower court that
he was acting in good faith, and we cannot say that the Judge erred in his con-
clusion in this particular.

It is therefore ordered, adjudged and decreed by the court, that the judgment
of the lower court be avoided and reversed, that the plaintiffs' demand against
*Paul Juge, jr.*, & Co. be dismissed, and that said defendants recover their costs,
and that the tract of land in the parish of Plaquemines, in said State, on the left
bank of the river Mississippi, about forty miles below the city of New Orleans,
having a front of about two and one-fourth arpents on the river by a depth of
forty arpents, and being the tract of land acquired by act under private signature

from *Dr. Pierre Lafon,* in the name of said *Mrs. Jean Jonau,* on the 7th day of December, 1853, be hereby declared to belong to the effects surrendered by *Jean Jonau* to his creditors, and the said *Paul Juge, jr.,* syndic, is hereby ordered to administer the same for the benefit of the creditors of said *Jean Jonau,* and it is further ordered that there be judgment against the residue of the plaintiffs' demand against said *Paul Juge, jr.,* and that the defendants and appellees, *Jean Jonau, Jeanne Jonau* and *Paul Juge, jr.,* individually, pay the costs of both courts, reserving to the said *Mrs. Jeanne Jonau* any right she may have to claim of said syndic the re-imbursement of any paraphernal or dotal funds or effects paid at any time on account of said tract of land, as well as the like effects alienated or appropriated by her husband to his own or the use of the community before his surrender.