## No. 1167.

### The State of Louisiana vs. Walter Johnson.

Declarations of accused made an hour after the time, and a mile from the place of the homicide, are not admissible as part of *res gestæ*.

The rule that, when confessions or declarations of accused are received on behalf of the State, they must go in all together, applies only to such confessions and statements as are made at one time or in some connection with each other. The admission of confessions of accused does not justify the reception of contrary, self-serving declarations made six weeks previously.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

State vs. Johnson.

*J. C. Egan,* Attorney General, and *D. C. Scarborough,* District Attorney, for the State, Appellee.

*Wm. H. Jack* and *John N. Ogden* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.   The exception taken to the ruling of the Judge excluding declarations made by the accused at a time one hour after, and at a place a mile distant from, the time and place of the homicide, has no merit.   Such remoteness of time and place excludes the declarations from consideration as part of the *res gestæ*.   Nor is the case affected by the fact that the declarations were made in connection with the exhibition of a wound on the head of the prisoner.   The Judge admitted the evidence as to the exhibition of the wound, but correctly excluded the declarations.   It is urged as another reason why they should be admitted, that other declarations and confessions of the prisoner had been offered and received in behalf of the State, and that, therefore, the ones rejected should also have been received, in order that all his statements might be weighed together, with the view of enabling the the jury to test the sincerity and consistency of the confessions in their relation to the proved facts and circumstances of the case.   The rule is undoubted that, when confessions or statements of an accused are offered, they must go in all together; but that only applies to declarations made at one time or having some connection with each other.

Here we find no connection whatever between the admitted confessions and the rejected declarations, the former having been made six weeks after the latter.   Manifestly, the prior self-serving declarations could not weaken the effect of the later self-incriminating ones.   The former are rejected as unworthy of reliance, because springing, presumably, from self-interest; the latter are received for precisely the converse reason.

Another exception was taken to the ruling of the court admitting evidence of certain declarations and extra-judicial admissions of the prisoner, offered, after the defense had closed, as rebutting evidence.

The sole ground of the exception is, that the evidence was not, in a legal sense, rebuttal evidence.   We are compelled to accept the statement of the Judge as to the purpose for which the evidence was received and this establishes its character as legitimate rebuttal evidence.   From that statement it appears that the defense had offered proof, relative to a contused wound on the head of the prisoner, and tending to show a combat; the question being whether the combat took place at the time of the killing or some hours previously.

122

To rebut the evidence tending to establish a combat at the time of the killing, the declarations of the accused, relative to the manner of the killing and what occurred at that particular time, were offered and received.

We can discover no error in the ruling.

No other errors are assigned.

Judgment affirmed.