State vs. Gonsoulin.

## No. 9610.

### The State of Louisiana vs. Gabriel Gonsoulin.

In order to set aside the venire, accused must point out and establish some material illegality in the drawing and show some material injury to himself.

A man living near the line between two parishes is a lawful juror in that parish in which he is a registered voter and claims his residence, when the line has not been legally and definitely settled, and it is not positive which side it would place him on when so established.

State vs. Gonsoulin.

The jury is presumed to be legally composed, and he who asserts the contrary assumes the burden of proof.

Applications for a change of venue are largely within the discretion of the trial judge. His action may be reviewed by this Court, but his conclusion relating thereto will not be disturbed unless it clearly appears that he has misapplied the law or the facts.

To entitle accused to a change of venue, the prejudice against him must be so general throughout the parish as to render it impracticable for him to get a fair and impartial trial.

The fact that a justice of the peace hears rumors of an offense in the neighborhood does not show that such offense was "made known" to him, so that prescription will begin to run in favor of the offender. To have that effect it must be made known by affidavit before him. R. S. 986, 2058.

After the evidence is closed on the trial of a motion in which the evidence is taken down, the trial judge may allow a witness to correct his statement as taken down, without reopening the evidence so as to be compelled to hear other and further evidence.

The declarations of accused made, not at the time of the commission of the offense, but subsequently in reply to the charge against him, are not part of the res gestœ; they are self-serving and inadmissible.

The fact that unexpected evidence was adduced furnishes no legal ground for a new trial. Wh. Cr. Pl. and Pr. § 884.

Accused is not entitled to a new trial because he or his counsel made a mistake in not adducing his entire evidence at the proper time. Wh. Cr. Pl. and Pr. §§ 876, 877.

Courts have always the right to correct their minutes so as to conform to the facts, especially when such facts are within the personal knowledge and recollection of the court.

It is not essential that accused should be present at the filing and trial of motions and pleas not involving the question of guilt or innocence on the merits. It is sufficient if the minutes show his presence at the arraignment, trial, verdict and sentence. 32 Ann 560; 34 Ann. 121; 35 Ann. 9.

APPEAL from the Twenty-first District Court, Parish of Iberia. *Gates*, J.

*M. J. Cunningham*, Attorney General, and *C. H. Mouton*, District Attorney, for the State, Appellee.

*Breaux & Renoudet* and *A. Fontelieu* for Defendant and Appellant.

The opinion of the Court was delivered by

Todd, J. The defendant having been convicted of larceny was sentenced to eighteen months imprisonment at hard labor, and appeals.

To support his appeal, he cites numerous alleged erroneous rulings of the trial judge, as set forth in several bills of exception.

1st. The first is to the overruling a motion to quash the venire, on account of alleged irregularities in the manner of drawing the same.

We have closely examined the irregularitiss pointed out, but we do not find them of sufficient gravity to vitiate the proceeding. Above all, we do not find that any of the acts complained of were perpetra_ ted in fraud of the rights of the accused and calculated to work an irreparable wrong upon him, and unless they are of such character the

court is without authority to set them aside and annul the subsequent proceedings of the prosecution. We are not compelled to accept as conclusive the oath of the accused that the irregularities charged were either fraudulent or intended or calculated to inflict an irreparable injury.

The motion was therefore properly overruled. Section 10 of Act 44 of 1877; 33 Ann. 1362-1415.

2d. The next complaint, seasonably made in the lower court, was that the grand jury that found the bill was illegally constituted, because one of the members thereof was not a resident of the parish in which the prosecution was instituted.

The member in question lived near the dividing line between the parishes of Iberia and St. Martin, that is near where such line should run, for in point of fact no such line had ever been established or surveyed. The evidence left it in doubt in which parish the party had his residence. He was a registered voter in the parish of Iberia, where he sat as a grand juror. To have registered he must have taken the registration oath and sworn that he was a resident of that parish, and the judge was therefore justified in his ruling. There was no error on this point. It was incumbent on the defendant to make good his complaint and he failed to do so by conclusive evidence.

3. There was a motion for a change of venue, which was denied. It was largely addressed to the discretion of the judge, and we are satisfied that his discretion was soundly exercised in this instance, since a review of the testimony fails to satisfy us that the accused could not have obtained a fair and impartial trial in the parish where the prosecution was pending.

4. The indictment was found more than one year after the alleged offense purports to have been committed, and prescription was pleaded in bar of the prosecution under it. It was alleged in the indictment that the offense had never been made known at any time before the finding of the bill to any officer having the power to prosecute the offense.

The accused in rebuttal averred that it had been made known to an officer that could have inaugurated the prosecution—that is, it was known to one or more justices of the peace of the parish where the offense purports to have been committed.

Admitting that a justice of the peace was one of the officers embraced in the proviso of the statutes, it certainly cannot be held that the offense had come to the knowledge of such officer, within the intent of the statute, unless by affidavit justifying him to issue his warrant for

the arrest of the accused. It was not enough that the justice had heard of the offense committed as a rumor and have had any possible effect, the information must have come to him in his official capacity and in the method prescribed by law—by affidavit. The judge properly overruled the plea.

5. The accused complains that a witness, after he had testified on the trial of a motion and the evidence closed, was granted leave to return and correct a part of his testimony which had been taken down, and that he, the accused, was not permitted to reopen the evidence upon the subject of inquiry.

A witness, who has testified, may be permitted to correct his testimony. This right could not be denied him, but such correction could not be considered as reopening the evidence, and the defendant was not authorized thereby to offer further evidence upon the matter then in hand : his claim to do so was properly denied.

6. After the testimony in chief for the State and the defense had been taken and a witness for the State had testified in rebuttal, the defendant offered witnesses in rebuttal, and they were not allowed to testify on objection of the State's counsel. The court refused to permit them to testify for the reason stated that the evidence was closed. This was so, and the defendant had no legal right to offer witnesses to rebut the testimony given in rebuttal by the State; unless in an exceptional case rarely to occur. It was a matter lying in the discretion of the judge. It was a mere privilege asked, not a legal right, and the court could legitimately refuse to grant it.

7. The defendant had produced a witness, who swore that he, defendant, had bought the animal charged to have been stolen, from a person named. This person was called in rebuttal and was asked if he had sold the animal to the accused. The counsel for the defense objected to the question as leading, and complains of the judge's ruling permitting it to be answered. There was no force in the objection and it was a manner of questioning that was unobjectionable addressed to a witness offered in rebuttal. Wh. Cr. Ev., sec. 454.

8. Statements of the accused touching his ownership of the animal, the subject of the larceny, were offered and rejected.

The statements in question were not made at the time of the alleged taking, nor when the animal was found in possession of the accused, they formed, therefore, no part of the *res gestæ*, and were evidently to be regarded as self-serving declarations and were clearly inadmissible.

9. The defendant complains that, in his absence from the court-room, the judge allowed a correction of the minutes to be made sup-

plying an omission in the record, as it then stood, touching the presentation of the bill in open court by the grand jury. The motion for correction was made by the district attorney, the defendant's counsel being present, and the correction need not have been made in the presence of the accused. The judge can, of his motion, make any necessary correction in the minutes, especially, as in this case, the facts relating to the omission supplied and correction made were within his personal knowledge. It was the right and duty of the judge to make the correction.

In the assignment of errors filed, in which all the above matters appear, it is also charged that the record does not show that the accused was arraigned or had pleaded, nor his presence in court at all stages of the prosecution.

The arraignment and plea is shown by the record. The part of the record in which it appears, was supplied through a *certiorari*. He was present at the trial and when sentence was passed. It is only necessary that he be present at the important stages of the trial, and is not required at the trial of motions not directly bearing on the question of his guilt or innocence—the only issue to be determined by the jury.

10. We find another bill taken to the refusal of the judge to give certain special charges relating to circumstantial evidence.

The reason of the refusal as stated by the judge was, that all the instructions on this subject demanded by the facts of the case or in any way applicable thereto, were embodied in his charge. It was a matter that came within the discretion of the judge, and we are bound to give weight to the reasons assigned by him for his refusal to so charge and his action in the premises is not properly subject to review by this Court. We cannot conclude from the lights furnished by the record that the judge's refusal in the premises could have had any effect on the verdict.

11. After the case was closed and the jury had retired, a request was made by them for permission to ask further questions of one of the witnesses who had testified on the trial. The request was refused. The trial had closed, the request was irregular and the refusal deprived the defendant of no legal right.

This completes the review of the proceedings, and we find no ground upon which the accused can be relieved.

Judgment affirmed.