LAND, J.
The accused was indicted for the murder of one Mansur Nacer, was tried and found guilty as charged, and sentenced to death. The verdict and sentence were set aside on appeal, and the case remanded for a new trial. See State v. Wood, 122 La. 1014, 48 South. 438, 20 L. R. A. (N. S.) 392.
The accused was again tried, convicted, and sentenced to be hanged. He has appealed from the verdict and sentence.
The first bill of exception is directed against the appointment of the judge ad hoc who presided at the trial of the case.
It appears that the presiding judge, having participated as district attorney in the first trial, recused himself and appointed Judge Philip S. Pugh as judge ad hoc to try the case, and he was accordingly sworn in, and on motion of the district attorney the cause was fixed for trial. Whereupon counsel for the accused filed a motion objecting, to the appointment of Judge Pugh, on the ground that he had openly and publicly expressed his belief in the guilt of the accused. The motion was taken up, submitted on the evidence adduced, and was overruled. The accused excepted. The bill recites that the motion was overruled, because the evidence clearly showed that there was nothing in the motion. The accused made no objection to the recusation of Judge Campbell, or to the appointment of Judge Pugh as judge ad hoc, but after the latter was sworn in, and the case fixed for trial, filed a motion to set aside the appointment on the special ground already stated. The accused did not object to the trial of the motion before Judge Campbell, or except to his capacity to hear and decide the motion. On appeal, however, counsel for 'the accused assigns as error:
The incapacity of Judge Campbell, who had previously recused himself, to pass upon the objection to the appointment of the judge ad hoc.
As the motion was to vacate an order-made by Judge Campbell on the ground that he had appointed a disqualified person as judge ad hoc, it would seem that the judge making the order was the only judge competent to revoke it.
Jurisdiction to make an order necessarily carries with it the power of revision, and of revocation when the order has been granted improvidently. If the inferior court discovers that an order given by it is erroneous, it may itself set it aside. Hennen’s Dig. vol. 1, p. 330, No. 403. It is in the sound discretion of the district judges to rescind their interlocutory orders. Elder v. Rogers, 11 La. Ann. 600. Even if the order appointing the judge ad hoc be considered a judgment, the judge had the power ex officio to direct a new trial within the legal delays. Code Prac. art. 547. The motion to revoke was filed and decided within three days after the granting of the order.
The authorities cited by counsel for the *741 accused apply only to cases where the judge has refused to recuse hiruself.
No evidence is annexed to the bill of exception, and on the facts we have merely the statement of the judge that there was nothing in the motion. The judge might well have overruled the motion on its face, as setting forth no legal grounds for the disqualification of the judge ad hoc. In State v. Blount, ante, p. 202, 50 South. 12, the court said:
“Defendant at the same time moved the trial judge to recuse himself on the ground that he had formed and expressed an opinion concerning the matter in question adverse to the defendant.”
“The motion set forth no legal cause for recusation, and was properly treated by the trial judge as frivolous. Where a motiou assigns no legal grounds for recusation, it may be overruled without reference to another judge. State v. Chantlain, 42 La. Ann. 718, 7 South. 669.”
The second bill of exception was reserved to the reception of evidence tending to show a confession of the crime charged, made by the accused after the remanding of the cause by this court for a new trial. 122 La. 1014, 48 South. 438, 20 L. R. A. (N. S.) 392.
On the former hearing this court found that the first confession made to the sheriff was induced by promises of assistance held out by that official, and that the second confession, being made in the presence of the same sheriff, must he regarded as tainted with the same improper influence.
After the case was remanded, the district attorney went to the jail and told the accused that the Supreme Court had granted him a new trial, on the ground that the former confessions should not have been used against him, because induced by promises of reward on the part of the sheriff. The district attorney then warned and cautioned the accused that he need not expect any clemency or hope of reward, or be afraid that any one would do him bodily harm, if he made a confession.
The district attorney further told the accused that he was- bound to be hung for the crime, and that the prosecution had sufficient evidence to convict him without any confession, and wound up by saying:
“Now, why do you not tell and save your soul?”
The accused replied that he did not commit the murder. Later the district attorney caused another negro, an acquaintance of the accused, to be incarcerated in the same cell on a pretended charge of homicide, with the view of inducing a confession from the accused. The district attorney and a deputy sheriff concealed themselves near the cell in order to hear what was said. The new prisoner talked freely about the supposed crime and admitted its commission. The accused thereupon unbosomed bimself, and fold how he had murdered and robbed the deceased in his store when no other person was present.
The accused objected to the admissibility of evidence tending to show the confession was made to his fellow prisoner, on the ground that the same was not free and voluntary, because the accused had made the statements well knowing that the district attorney was present, and honestly and truly believing that the other party with the district attorney at the time was the sheriff, who had previously held out promises of clemency and immunity to the accused in order to induce him to confess, and defendant had as a matter of fact confessed to the said sheriff in the hope of securing said promises of immunity and clemency, and said statements were made simply for the purpose of reaping the benefits of said promises made to him by said sheriff.
These objections were overruled by the court, and evidence of the last confession was admitted. The accused excepted to the ruling.
*743 The trial judge says:
“That the confession on the face of it shows that it was made to a friend of the accused, a supposed criminal, charged with a similar offense, and everything points to the fact that this confession was freely and voluntarily made to his supposed friend, and in utter ignorance of the presence of the district attorney and of Richard, the deputy sheriff. I-Iis statement to his friend to swear that promises of immunity had been held out to him, if he had made a confession, and not to tell the sheriff anything if he had not done so, as he could not be forced to do so, showed that he realized and appreciated the points made by his attorneys on the former trial.”
This finding of the judge is abundantly supported by the evidence for the prosecution, and we are not prepared to say that be erred in not giving credit to the very improbable testimony of tbe accused.
That the accused made the last confession is not seriously disputed.
The accused filed a motion for a new trial on the grounds already considered, and others, to wit:
Because the verdict was contrary to the law and the evidence.
Because one of the principal witnesses for the state had talked to one of the jurors during the trial of the case.
Because said juror, the foreman, had pri- or to the trial of the ease publicly expressed his belief in tbe guilt of the accused, and stated that the accused should be executed.
The first ground is not assignable as error.
The alleged talk between the juror and the witness was confined to a simple request that the latter, a deputy sheriff, phone the wife of the juror that he would not be at home that night.
As to the alleged statement made by the same juror before the trial, there is a conflict to some extent between the testimony of the juror and that of a witness called in behalf of the accused. The trial judge believed the statements of the juror, and we are not prepared to say that he erred in his finding.
A motion in arrest, based on the grounds covered by the first bill of exception, was filed and overruled.
Finding no prejudicial error in the proceedings below, it is ordered that the verdict and sentence be affirmed.