LAND, J.
The accused was tried in the district court on the charge of carrying concealed weapons, and was acquitted. Accused was then rearrested under a city ordinance for the same offense, and was tried in the city court, found guilty, and fined in the sum 'of $10. The accused thereupon appealed to the district court. The ease was fixed for trial, and on the day of the trial, when the case was called, a motion was filed in the name of the city of Lafayette, signed by John J. Robira, special counsel for the city of Lafayette, to recuse the presiding judge, on the ground that he had already rendered a definitive judgment on the same state of facts in the previous prosecution of the accused; and that the presiding judge had openly expressed an opinion as to the innocence of the accused party and a difference of opinion from the judgment of the city court without having been present at the trial and without knowing the facts. The minutes read as follows:
“Motion for recusation of the presiding judge filed by John J. Robira, the district attorney, as special counsel for the city of Lafayette, La., but upon failure of counsel for the prosecution to show authority from the city to represent said city and to file said motion for recusation of the district judge on said trial, his honor, calling either for a resolution or an ordinance from said city council of Lafayette, La., ordering the filing of said motion, refused to appoint a judge ad hoc to pass on the motion to recuse.”
The special counsel for the city thereupon gave notice of his intention to apply to the Supreme Court for writs of certiorari, etc., and withdrew from the court. The case was then taken up, evidence adduced for the city and the defense, and the accused was found not guilty, and thereupon was discharged and his bond canceled. The district judge in his return says:
“The said case having been fixed for that date, and the attorney of the city of Lafayette, Jerome Mouton, being in open court, the case was called for trial, was tided, and after hearing all the evidence, and said evidence being the same identical evidence, and the same identical witnesses, who appeared at the first trial on October the 20th, A. D. 1911, and the appeal from the city court being tried on the 26th day of October A. D., 1911, I again found the accused not guilty.”
[1] As the authority of an attorney is presumed, we are of opinion that our learned Brother below acted unadvisedly in questioning the right of Mr. Robira to appear as special counsel for the city of Lafayette. Said city was represented on the trial by the city attorney, and the complaint of relator is confined to the action of the respondent judge in the matter of the motion to recuse.
[2] The motion to recuse was frivolous on its face, and for that reason alone might have been overruled by the presiding judge. State v. Blount, 124 La. 202, 50 South. 12; State v. Woods, 124 La. 738, 50 South. 071. To set aside the verdict of acquittal and to remand the case for a trial of the frivolous motion to recuse would not affect the final result, and would impose unnecessary costs on the parish of Lafayette.
It is therefore ordered that all the preliminary orders and writs issued herein be recalled, and that the application of relator be dismissed, with costs.