(75 South. 843)

No. 22503.

STATE v. ANGEL.

(June 11, 1917.)

*(Syllabus by the Court.)*

**1. Judges ☞49(1) — Disqualification — Opinion.**

The fact that the trial judge has already heard the evidence and has formed an opinion of the guilt of the party accused in a criminal prosecution is not a legal cause for the recusation of the trial judge. The defendant in a criminal prosecution is not concerned with what opinion the trial judge has of his guilt or innocence, so long as the judge's rulings are correct and the trial is fair and impartial.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 187.]

**2. Judges ☞51(4)—Disqualification—Motions.**

A motion for recusation of the trial judge, which, if the allegations are true, does not set forth a legal cause for recusation, ought to be overruled by the judge to whom it is addressed.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 187.]

**3. Judges ☞51(4)—Trial—Evidence.**

The trial judge, in a criminal prosecution, cannot be required by the defendant to testify as to whether he, the judge, has formed or expressed an opinion of the guilt or innocence of the accused, on the trial of a motion for recusation of the trial judge on the ground that he has formed and expressed an opinion of the guilt of the accused. The statement per curiam is the trial judge's testimony before the appellate court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 229–231.]

**4. Indictment and Information ☞176 — Variance—Time of Offense.**

In a criminal prosecution under an indictment or bill of information charging that the offense was committed at about 8 p. m. on a specified date, evidence is admissible to prove that the offense was committed at about 8:30 p. m. on that date.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 548.]

**5. Witnesses ☞402—Evidence—Variance.**

A variance in the testimony of two witnesses for the state, especially on a matter of no great importance, in a criminal prosecution, does not render the testimony of the one who testified last inadmissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1268.]

**6. Criminal Law ☞1134(4)—Appeal—Questions Presented for Review.**

A motion for a new trial on the ground that the verdict is contrary to the law and the evidence does not present a distinct question of law, separate from any and all questions of fact pertaining to the guilt or innocence of the accused, and is therefore not within the jurisdiction of the Supreme Court in criminal cases.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2587, 2653, 3056.]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Aubrey Angel was convicted of selling intoxicating liquor without a license, and he appeals. Affirmed.

W. A. Mabry and W. H. Scheen, both of Shreveport, for appellant. A. V. Coco, Atty. Gen., and L. C. Blanchard, Dist. Atty., and R. W. Norton, Asst. Dist. Atty., both of Shreveport (William C. Barnette, of Shreveport, and Vernon A. Coco, of Marksville, of counsel), for the State.

O'NIELL, J. The defendant was convicted of selling intoxicating liquor without a license, was sentenced to pay a fine and be imprisoned, and has appealed.

[1, 2] The first bill of exception was taken to the overruling of the defendant's motion for recusation of the district judge. The ground on which the judge was asked to be recused was that he had formed and expressed the opinion that the defendant was guilty of the charge. Evidence was heard in the case twice. After the first hearing of evidence, but before judgment was rendered, it was remembered that the defendant had been allowed to withdraw his plea of not guilty to file a certain motion, and had not been rearraigned. The court thereupon ordered the defendant rearraigned, he pleaded not guilty, and the case was reassigned for trial. Before the second trial, the defendant filed the motion for the recusation of the judge, on the ground that he had formed and expressed an opinion of the guilt of the accused.

The judge denied that he had expressed an opinion on the subject, but admitted that, if the evidence on the second hearing should be the same that he had heard on the first, he would convict the accused. He overruled the motion for recusation, because he considered it frivolous; and our opinion is that his ruling was correct. If a trial judge must be recused on a second trial of a criminal case merely because he formed an opinion from the evidence heard on the first trial, every criminal case in which a new trial is granted would have to be tried before another judge than the one who tried it first. The defendant in a criminal prosecution is not concerned with what opinion the trial judge has of his guilt or innocence, so long as the judge's rulings are correct and the trial is fair and impartial. A motion for recusation, which, if its allegations are true, does not set forth a legal cause for recusation, ought to be overruled by the judge to whom it is addressed. State v. Woods, 124 La. 738, 50 South. 671; City of Lafayette v. Milton, 129 La. 678, 56 South. 635.

[3] The second bill of exception was taken to the refusal of the trial judge to testify as a witness for the defendant on the trial of the motion for recusation. The judge gave his statement per curiam in the bill of exception, and that is all that was necessary.

The third bill of exception is merely a repetition of the first.

The fourth bill was reserved to the overruling of the defendant's objection to going to trial until the district attorney had filed a bill of particulars. It appears that the motion for a bill of particulars was filed before the first hearing of evidence, and it was then agreed by and between the district attorney and the attorney for the defendant that the former should furnish a pencil memorandum of the information, on the motion for the bill of particulars, in lieu of a formal answer to the motion. That was done, to the de-

fendant's satisfaction; and his subsequent insisting upon a formal answer to his motion for the bill of particulars, thereafter, was frivolous.

The fifth bill of exception was reserved to the taking of testimony, when the defendant objected to going to trial without a formal answer to his motion for a bill of particulars, to show that he had agreed that the pencil memorandum of the particulars furnished by the district attorney would suffice. This bill of exception is as frivolous as the fourth.

The sixth bill was taken to the refusal of the judge to postpone until the next day a plea of former jeopardy, that was filed on the morning of the trial. The plea itself was without merit, apparently had only the object of delaying the trial of the accused; and the court acted wisely in refusing to postpone a trial of the plea.

The seventh bill of exception was taken to the overruling of a motion for a continuance on the ground of the illness of one of the witnesses for the defendant. The witness was present in court, was examined by her family physician and by the coroner, and they both testified that she was well enough to testify. We are not informed, by the recitals in the bill of exception, whether the witness testified in the case, and we assume that she did testify, and that the defendant was not prejudiced by the alleged illness of the witness.

The eighth bill of exception was taken to the refusal of the district judge to permit the witness, referred to in the seventh bill of exception, to testify regarding her illness, on the trial of the motion for a continuance, on the ground of her illness. If the witness was able to testify on the trial of the motion, she must have been able to testify on the trial of the accused; and we imagine that such proceedings and objections on the part of the learned counsel for the defendant must have

been very much of a trial of the judge's patience.

The ninth and tenth bills of exception were taken to the refusal of the judge to allow the defendant's counsel time to prepare a written motion for a continuance, on the same ground referred to in the eighth bill of exception. As is said in the statement per curiam, it would have been absurd for the court to have given the attorney an opportunity to prepare a formal motion for a continuance on the same frivolous ground that had already been urged in the verbal motion, which had been properly overruled.

The eleventh bill was reserved to the overruling of the defendant's objection to a so-called leading question. The question was not at all leading, or suggestive of a particular answer. The witness was asked to state anything he knew about the sale of intoxicating liquor alleged to have been made on the date stated in the bill of information. There would be no merit whatever in the bill of exception even if the question was objectionable, because the answer given by the witness was a hearsay statement, and was excluded by the trial judge for that reason.

[4] The twelfth bill was reserved to the overruling of an objection made by the defendant's counsel to the statement of a certain witness that the offense was committed at about 8:30 p. m. on the date stated in the bill of information. It had been alleged in the bill of particulars that the offense was committed "at about 8 p. m." on that date. To state that an offense was committed about a certain hour on a certain date means that it was committed at or near that hour; and to charge that an offense was committed about 8 p. m. on a certain date is sufficient to admit proof that it was committed about 8:30 on that date. The thirteenth and fourteenth bills are only repetitions of the twelfth.

[5] The fifteenth bill was taken to the overruling of the defendant's objection to the statement of a witness that the intoxicating liquor alleged to have been sold was delivered at a place different from that described by another witness. It appears that the only difference between the statements of the two witnesses was that one said the intoxicating liquor was delivered in a certain place of business, and the other said it was delivered in the alley just outside the place of business. A variance in the testimony of two witnesses for the state, in a matter of that kind, does not render the testimony of either of the witnesses inadmissible. The bill of exception is utterly without merit, for the further reason that it is not recited in the bill that the question objected to was answered.

The sixteenth and seventeenth bills of exception were taken to the overruling of the plea of former jeopardy. The defendant was not put in jeopardy on what his counsel refer to as the first trial. There was, in fact, only one trial, although testimony was taken twice. At the conclusion of the taking of testimony the first time, it was discovered that the defendant's plea of not guilty had been withdrawn, and he could not legally be convicted. Hence his liberty was not in jeopardy by the taking of testimony on that occasion.

[6] The eighteenth bill of exception was reserved to the overruling of a motion for a new trial, based upon the complaint that the verdict was contrary to the law and the evidence. A motion for a new trial on the ground merely that the verdict is contrary to the law and the evidence does not present a question of law distinct from any question of fact pertaining to the guilt or innocence of the accused, and we have therefore no jurisdiction to review a ruling on such a motion for a new trial.

The judgment and sentence appealed from are affirmed.