(122 So. 579)

No. 29807.

### STATE v. MITCHELL.

April 22, 1929. Rehearing Denied May 20, 1929.

Griffin T. Hawkins, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., and John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

BRUNOT, J. The accused was charged with the larceny of property valued at $35. He was tried, convicted of the crime charged, and sentenced to serve a term of nine months, at hard labor, in the Louisiana State Penitentiary.

From the verdict and sentence he appealed.

There are three bills of exception in the record.

Bill No. 1 was reserved to the overruling of objections to testimony tendered by the state to prove a confession of guilt alleged to have been made by the accused, an employee of the Murray Brooks Hardware Company, after his arrest upon a warrant charging him with the larceny of his employer's property. Mr. Robert Hereford, the sales manager of the company, and Mr. Henry Reid, the sheriff of the parish, testified that the confession was freely and voluntarily made. From the testimony attached to the bill it appears that after the first confession of the accused, which was made in the presence of Mr. Robert Hereford and Sheriff Reid, Mr. Hereford had subsequent conversations with him for the purpose of ascertaining if other employees of the company were implicated in what the witness thought was a conspiracy to systematically rob the store. After the accused had confessed to stealing 1,000 shotgun shells from the store, Mr. Hereford says:

"I told him that I thought if he came out with all the information it couldn't do him any harm, and possibly would do him good. I didn't see any use for him to be the scapegoat for anybody else." (Tr. p. 5 and note in briefs.)

On page 7 of the transcript the following questions were propounded to and answered by the witness:

"Q. Now did you ever, at any time, tell this defendant that you had authority to promise him anything in reference to this charge that we are trying him for right now?

"A. No, sir. On the other hand, I told him I could not. I told him I could not help him.

"By the Court:

"Q. Couldn't do what?

"A. That I could not do anything for him if I wanted to. It was in the hands of the Court and I could do him no good at all."

Inasmuch as no rebuttal evidence was offered and two reputable witnesses testified that the accused confessed his guilt, freely and voluntarily, before Mr. Hereford made

any of the statements complained of, the ruling excepted to was correct and this bill is without merit. In State v. Woods, 124 La. 738, 50 So. 671, we quote from the syllabus the following:

"Whether a sufficient basis was laid for the admission of an alleged voluntary confession of the accused is a question of fact, on which the ruling of the trial judge will not be disturbed, unless clearly against the preponderance of the evidence."

 Bill No. 2 was reserved to a ruling of the court sustaining an objection by the state to three persons, viz.: Felix Palms, Maurice Clifton, and Arthur Moreau, testifying to statements made to them by the accused with reference to his purchase of 1,000 shotgun shells for a duck hunt the four had planned for Thanksgiving Day, November 29, 1928. The testimony was objected to upon the ground that it was an attempt to prove a self-serving declaration on the part of the defendant.

The rule is that, except where they are part of the res gestæ, self-serving declarations are not admissible. State v. Johnson, 35 La. Ann. 968; State v. Blount, 124 La. 202, 50 So. 12; State v. Thomas, 30 La. Ann. 600; State v. Gonsoulin, 38 La. Ann. 459; State v. Harris, 107 La. 196, 31 So. 646; State v. Gunter, 30 La. Ann. 536.

In the case of State v. Reeves, 129 La. 714, 56 So. 648, a question strikingly similar in all respects to the one presented by this bill was passed upon, and this court held that the proffered testimony was not admissible. We think the per curiam of the trial judge disposes of this bill, and although it is quite lengthy we prefer to quote it in full:

"In this case the defendant was charged with stealing one thousand shotgun shells from the Murray Brooks Hardware Company, the evidence showing that the defendant had one Ryan haul the shells from the store of the Murray Brooks Hardware Company to a store in Lake Charles owned by Montecello Bros. Later on the same day, or the next day, the shells were found in the defendant's home here in Lake Charles. Just how the shells got from the store of Montecello Bros. to the defendant's home, the evidence does not show.

"In explanation of his possession of the shells, the defendant testified that he and three other negroes were going duck hunting on Thanksgiving day, and that he had gotten the shells to use on this duck hunt.

"Felix Palms, for the defendant, testified that he, the witness, and the defendant and two other negroes, some while before the shells were stolen, had planned to go hunting on Thanksgiving day. This evidence of Felix Palms went to the jury, and no evidence from any witness to the effect that the duck hunt had been planned before the larceny was ruled out.

"The note of evidence attached to this bill of exception shows that the witness Palms was permitted to testify as to the plans to go hunting on Thanksgiving, 1928.

"Counsel for defendant sought to show by the witness Palms and two other witnesses, statements made to them by the defendant, in conversations between the defendant and the witnesses in question, which counsel claimed would show that the defendant was to purchase shells from Murray Brooks Hardware Company, for the hunt. The objection of the Assistant District Attorney is as follows:

" 'By Mr. Jones: Objected to for the reason that it seeks to prove a self-serving declaration on the part of the defendant, Lewis Mitchell.'

"This objection was maintained, and I made the following explanation:

" 'By the Court: Understand, gentlemen, what I am ruling out are all statements made by the defendant to this witness.'

"Self-serving declarations made by the defendant before the commission of a crime are inadmissible just as are self-serving declarations made after the commission of a crime, and so it seems to me to be plain that any statements the defendant may have made prior to the larceny, to the effect that he was going to buy shells for the hunt are inadmissible. If this were not the rule, then no man could be convicted of any crime. All he would have to do to avoid conviction would be to tell a number of witnesses, before the commission of the crime, that he was going to buy certain goods, and then when he is charged with stealing the goods, offer in evidence the self-serving declarations made in anticipation of the crime.

"Moreover, the statement of the defendant to the three witnesses, that he was going to buy the shells for use on a hunt on a certain date is not evidence tending to show, even in the slightest degree, that as a matter of fact he did buy the shells which were found in his possession. Even the fact that the defendant may have said he.was going to buy the shells does not tend in the slightest degree to prove that he did not steal them.

"There is no presumption in law that a self-serving declaration made before the commission of a crime is true, nor is there any legal inference of fact that such a self-serving declaration either is or may be true.

"Self-serving declarations made by one accused of larceny, and to one who has a right to demand an explanation of the defendant's possession of stolen goods, are admissible when they relate to accomplished facts. For example, when a defendant is found by the Sheriff in possession of recently stolen goods, the defendant's statements to the sheriff that the goods were purchased in good faith from 'A', or that the goods always belonged to the defendant, etc., are admissible, because they relate to facts which are accomplished. Statements made to such an officer by one so accused of larceny, relating to what the defendant intended to do in the future, or relating to what the defendant said he was going to do in the future, would not be admissible.

"It will be noted that, by agreement, counsel for the defendant offered the testimony of Morris Clifton, and Arthur Moreau, who according to counsel, would be exactly the same as that of Felix Palms. Upon objection by the State, the Court announced that the rulings on the testimony of these two witnesses would be exactly the same as the ruling on the admissibility of the testimony of Felix Palms."

Bill No. 3 was reserved to the overruling of a motion for a new trial. In addition to the averment that the verdict is contrary to the law and the evidence, the motion contains a reiteration of the allegations of bills of exception Nos. 1 and 2, and a complaint that during the trial the court erroneously permitted the state to ask one of its witnesses a leading question. It appears that the question was objected to as being leading in form and that the objection was overruled, but no bill of exception was reserved to the ruling. Hence defendant must be held to have waived his right to urge the point.

Finding no reversible error in any of the rulings complained of, the verdict and sentence are affirmed.