The defendants were charged jointly with the crime of assault with intent to rob. They were tried, and each defendant was found guilty as charged. The accused were sentenced to the Louisiana State Penitentiary, at hard labor, for the following terms of imprisonment, viz.: Washington and Allen to not less than ten nor more than twenty years, and Mahler to not less than thirteen nor more than twenty years. All of the accused appealed from the verdict and sentence. There are four bills of exception in the record.
Bill No. 1 was reserved by Harold Mahler to the admission in evidence of a confession made by him to a captain of police. The judge's per curiam to this bill is supported by the record, and it definitely disposes of the bill. We quote it:
"This bill was taken to the admission of a confession made by one of the defendants, Harold Mahler, to Captain Alfred Malone of the New Orleans Police force. This bill hardly needs a per curiam as the testimony attached to the bill shows that the defendants Mahler and Washington were arrested by Captain Malone and incarcerated in the Fifth Precinct station; that from the time of his incarceration up to the time the confession was made he was in the custody of Officers Slicko, Leaber, Mott, Klein and *Page 740 
Gentile, who testified that at no time was Mahler promised any immunity to make a confession, nor was he ill-treated, and that the confession was free and voluntary. There was no evidence to contradict the testimony of the above named officers. I therefore ruled that the confession was admissible, and instructed the jury that the confession was to be used only as against Mahler and not as to the other defendants."
Bill No. 2 was reserved by Andrew Washington to the admission in evidence of a confession made by him. The bill recites that the confession was not freely and voluntarily made, but was obtained by threats, coercion, duress, and the offer of reward.
The bill alleges that the foundation for the admission of the confession was testified to by seven officers of the police force, naming them, and it attaches their testimony together with the testimony of the defendant to the bill. The substance of Washington's testimony is that he was arrested about 2 o'clock a.m., and, while being taken to a nearby automobile, one of the arresting officers punched him in the stomach and kicked him in the back; that he was taken to the Fifth Precinct Station and on his arrival there two policemen took him in the back of the station, punched him in the stomach and whipped him with a strap called "a lead pipe" for about ten minutes; and that he never made either a verbal or written statement, but signed a statement when told that if he did not sign it he would be made to do so. On cross-examination he admitted that he was taken to detective headquarters and there made a statement to a gentleman who took it down. *Page 741 
It is not necessary to summarize the testimony of the seven officers named in the bill beyond saying that there is no conflict in their testimony. They are positive that no promises or inducements of any kind were made to the defendant, and no threats, coercion, or violence were used towards him at any time, but that he freely and voluntarily made a verbal statement at the Fifth Precinct Station and later repeated the statement in the detectives' office, where it was reduced to writing and signed by him. We quote from the judge's per curiam to the bill the following:
"The evidence attached to the same clearly shows that the confession was a free and voluntary one, and not obtained by duress, force or any promise of reward."
The testimony convinces us, as it did the trial judge, that the defendant was not punched in the stomach, nor kicked in the back, nor maltreated in any way, and that the proper foundation was laid for the admission of his confession in evidence. In State v. Woods, 124 La. 738, 50 So. 671, this court held, quoting from the syllabus, as follows:
"Whether a sufficient basis was laid for the admission of an alleged voluntary confession of the accused is a question of fact, on which the ruling of the trial judge will not be disturbed, unless clearly against the preponderance of the evidence."
This ruling was cited and followed in State v. Mitchell,168 La. 454, 122 So. 579. In State v. Bartley, 34 La. Ann. 147, the court said:
"Whether the confession was voluntary or not, and admissible or inadmissible, under *Page 742 
the evidence submitted, is a mixed question of law and fact, which we are authorized to review; the evidence on the point being set forth in the bill of exceptions. Though this is the case, the ruling of a Judge of first instance on a question of this character should not be disturbed, unless clearly erroneous."
To the same effect is the ruling in State v. Bourgeois,158 La. 713, 104 So. 627.
Bill No. 3 was reserved to a ruling of the court admitting in evidence the confession of Leroy Allen. This defendant's testimony relates to cruelties more harrowing and improbable than the ingenuity of Andrew Washington could devise. He testifies that he was in bed when arrested; that one of the arresting officers punched him in the stomach, and, while he was dressing, the officer knocked him down on the bed; that the officers took him and one of the codefendants to a point on a railroad track and placed them in front of an approaching freight train; that when the train was about one hundred feet distant from them the officers pulled them off the track and one of them hit and knocked him to his knees. He was then put in an automobile and was there cursed and hit again, and when he got to the police station he was hit in the side by the old man there. This bill names the same officers and contains the same recitals as bill No. 2, the bill reserved by Andrew Washington.
The testimony offered by the state, as a foundation for the introduction of the defendant's confession in evidence, is by the same witnesses, and to the same effect as the testimony attached to bill No. 2. The judge in his per curiam to this bill says: *Page 743 
"I did not believe the testimony of Allen, being convinced that the officers told the truth, and knowing them to be credible witnesses."
Bill No. 4 was reserved to the overruling of a motion for a new trial. The defendants filed a joint motion for a new trial, alleging therein that the verdict is contrary to the law, in that the court erred in permitting their respective confessions to be admitted in evidence. Finding no error in the rulings on bills Nos. 1, 2, and 3, this bill need not be considered.
For the foregoing reasons and upon the authorities cited, the verdict and sentence appealed from are affirmed.