288 So.2d 602 (1974)
STATE of Louisiana
v.
William A. COLLINS, Jr.
No. 53937.
Supreme Court of Louisiana.
January 14, 1974.
Stephen J. Katz, Kidd, Katz & Halpin, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Charles A. Traylor, II, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, William A. Collins, Jr., was charged by bill of information with having violated R.S. 40:966, distribution of a controlled dangerous substance, to wit: heroin, a narcotic drug, to one Jerry Harper, an "under-cover" agent of the Monroe Police Department. On April 18, 1973, after a trial by a twelve man jury, the defendant was found guilty of attempted possession of heroin. On June 7, 1973, the defendant was sentenced to serve four (4) years at hard labor in the custody of the Louisiana Department of Corrections, plus a fine of $500.00 and costs, or ninety days in jail in default thereof. Defendant on this appeal relies upon one perfected bill of exceptions to obtain a reversal of his conviction and sentence.
*603 Defendant alleges in his bill of exceptions No. 1 that the trial judge committed reversible error in denying his motion to recuse the said trial judge, and in not referring the motion to another judge of the Fourth Judicial District Court.
At the close of the first day of trial, after the jurors had been selected, defense counsel, the district attorney and the judge engaged in conversation, during which defense counsel remarked that his client had been charged with the commission of three burglaries since being arrested on the drug charge. The next morning the judge repeated this remark to the clerk of court in the presence of another man, who happened to be one of the jurors. Upon being apprised of this fact, the judge told the man he would be excused from the jury, and admonished him not to relate what had happened, to the other members of the panel.
Upon opening court, the judge advised the district attorney and defense counsel of what had happened and what he was going to do. The juror was then excused from service, and the alternate was installed in his place. Outside the presence of the jury, the dismissed juror testified under oath that he had not related the occurrence to the other members of the jury. Defense counsel moved for a mistrial which was denied. A bill was reserved to ruling, but was not perfected. Trial then proceeded. It was at the close of this second day of trial that defense counsel orally moved the trial judge to recuse himself from the trial of the case.
After this oral motion the Court granted a recess until the following morning in order to permit defense counsel to prepare a written motion for recusal.
On the following morning the defendant filed a written motion setting forth that the trial judge was biased, prejudiced and personally interested in the cause to such an extent that he was unable to conduct a fair and impartial hearing, as demonstrated by the court's conduct in essentially two areas. The first was the judge's statement made in the presence of the juror on the morning of the second day of trial and related more particularly hereinabove. The second had to do with the judge's conduct during the course of the trial, i. e., in the manner in which he had overruled defendant's objections and sustained the State's objections, his facial expressions to the court reporter and to the jury, and his disparaging remarks about defendant's objections and motions. A third assertion having to do with the court's ruling excluding certain testimony on cross examination from a State witness, as a means for demonstrating the court's bias hardly warrants discussion. If the Judge ruled incorrectly defense counsel should have perfected a bill of exceptions rather than here complain that the Judge's adverse ruling indicates bias on his part.
Defendant relies upon Article 671 of the Code of Criminal Procedure as authority for his position. That article states in part:
"In a criminal case a judge of any court, trial or appellate shall be recused when he:
(1) Is biased, prejudiced or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial."
Article 674 of the Code of Criminal Procedure requires that the motion to recuse a trial judge shall be in writing. This was accomplished when the trial judge recessed the trial to permit defense counsel to prepare his motion. The same article provides that the motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the grounds for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to the verdict or judgment.
*604 The grounds asserted by plaintiff, if valid, were perhaps discovered only after the commencement of trial. It might be argued that since the first demonstrated grounds, namely the judge's inadvertent remark in the presence of a juror was discovered on the morning of the second day the motion to recuse should then have immediately been made rather than having been made virtually a full trial day thereafter. However, because defendant's motion is based on an accumulation of incidents we feel his motion did not come too late. We therefore believe the motion for recusal came within the purview of Article 674 of the Code of Criminal Procedure, as reasonably construed under the circumstances of this case.
We shall therefore consider the merit of the bill, namely the defendant's complaint that reversible error was committed by the trial judge's not referring the recusal motion to another judge of the Fourth Judicial Court, and the trial judge's ruling that he not be recused.
Article 674 provides that if a valid ground for recusation is set forth in a motion, the judge shall either recuse himself or refer the motion for hearing to another judge or to a judge ad hoc as provided in Article 675.
The threshold question therefore is whether there is stated, in the written motion for recusal, valid grounds. We do not believe so.
In the instant case, defendant's motion asserts that the judge was biased, personally prejudiced and had an interest adverse to the defendant, as was made evident, it is argued, by the judge's conduct in court, i. e., his mannerisms, mode and method of ruling on objections unfavorably to the defense, and upon the admitted fact that the judge inadvertently passed an improper comment in the presence of a juror.
The complaints concerning the judge's conduct are asserted as evidence of his bias, prejudice, or personal interest. The charge that he is biased, prejudiced, or personally interested, is merely a general statement or conclusion. In State v. Pailet, 246 La. 483, 165 So.2d 294 (1964), this Court held that a trial judge may overrule a motion to recuse himself without referring it to another judge where the allegations of the pleading are mere general statements or conclusions.
In the motion to recuse, defense counsel merely recited the circumstances surrounding the judge's improper comment and concluded, "Judge Fudickar has a personal interest in seeing the defendant convicted as a result of the statement he made accusing defendant of committing other crimes."
It does not logically follow that a judge, who has passed on information furnished him by defense counsel as to defendant's crimes allegedly committed by defendant after the crime for which he is being tried, has a personal interest in seeing the defendant convicted. It is at least as likely if not more so that a judge is fully capable of performing his duties impartially, notwithstanding his receiving information from defense counsel and his repeating same in private conversation outside of court. A judge is presumed to be impartial. Beland v. United States, 117 F. 2d 958 (5th Cir.) cert. denied, 313 U.S. 585, 61 S.Ct. 1110, 85 L.Ed. 1541 (1941). In State v. Laborde, 214 La. 644, 38 So.2d 371 (1949), where a stronger allegation was made, this Court said that even a judge's remark that the defendant charged with attempting to steal hogs would have a better chance before a jury than before the court did not show that court was prejudiced against the defendant or would be unable to give him a fair and impartial trial so as to require the judge to sustain the motion for recusation or refer it to another judge for trial.
As to defense counsel's other allegations in the motion to recuse, "(1) the manner in which he has overruled defendant's *605 objections and sustained the state's objections; and (2) knowing facial expressions to the court reporter and the jury, (3) disparaging remarks about defendant's objections and motions," we failed to see that the defendant has substantiated any of these allegations of the judge's bias, prejudice or interest. Those allegations are mere conclusions of defense counsel, and represent his personal opinion of the judge's courtroom demeanor. Therefore, we conclude that the trial judge properly overruled the motion as no legal cause for recusation, factually supported to our satisfaction, was set forth in the motion. State v. Angel, 141 La. 921, 75 So. 843 (1917).
Accordingly the trial judge committed no error in not referring the motion to another judge.
With respect to his ruling that he should not be recused the ruling was similarly correct.
The portion of record presented us as part of the bill does not substantiate defendant's contention relative to the judge's courtroom demeanor. And as to his inadvertent comment, the judge's action in promptly replacing the juror who heard the comment with an alternate juror, and in ascertaining that the juror had not informed other members of the jury as to what was overheard not only exhibited a desire to see that the trial be continued orderly, but also that the defendant receive a fair and impartial trial, with no prejudice to any of his rights.
We find the asserted grounds for recusal inadequate and the factual contentions therein unsupported by the record.
Without a more affirmative assertion and showing of bias, prejudice or personal interest, we must dismiss this allegation as unfounded.
For the above assigned reasons the conviction and sentence are affirmed.