State of Louisiana vs. Crowley, Nolan, Giles, and Bertin.

No. 8095.

THE STATE OF LOUISIANA VS. JOHN CROWLEY, MARTIN NOLAN, ALEXANDER GILES, ALIAS JOE LITTLE, ALIAS FRENCHY JOE, AND PIERRE BERTIN.

Act No. 98 of the Legislature of 1880, providing for the organization of the Criminal District Court for the Parish of Orleans, etc., is not unconstitutional on the score that it violates article 29 of the Constitution, which prescribes that every law shall embrace but one object, and that shall be expressed in the title.

A law may be broader than its title and not be unconstitutional. Such portions of the law as are not expressed in the title, are null and void, and the rest is valid.

Though the accused were charged with murder, it was permissible for a witness to state that he heard one of the Defendants say, in presence of the others, that they were going to rob the deceased. The fact that such witness was an associate of the accused may affect his credibility, but not his competency. The statement was admissible also, to prove the declarations of the accused as to a circumstance having a bearing on the question of their guilt. As all the accused were present when the declaration was made, none of them can object to the statement of the witness.

It was proper and legal, in order to show the motives of the accused for committing the murder, to admit in evidence the Inventory of the succession of the deceased, which proved that he had in his house a certain amount of money.

The Motion for a new trial, based on the ground that the evidence was insufficient to convict, cannot be reviewed by this Court, as it has no jurisdiction of the facts in criminal cases.

A Motion for a new trial, on the ground of newly discovered evidence, should not be considered by the Court, when such Motion contains no sworn-to allegation that due diligence was used to procure the same evidence on the first trial.

APPEAL from the Criminal District Court for the parish of Orleans. *Luzenburg*, J.

J. C. Egan, Attorney General, for the State, Appellee:

First—When the exact point in a bill of exceptions cannot be discovered, the bill must be disregarded. 1 Parker, 272; 6 An. 420, 651; 11 An. 283, 430; 12 An. 679; 14 An. 461.

Second—If the evidence has a direct tendency to prove the particular crime charged, it is admissible, although it tends to prove the commission, or contemplated commission, of another separate and distinct offense. 38 Mo., 496, 587; 42 Ib., 242.

Third—Evidence to prove the reputed wealth of the deceased, and that he had money in his house and store, with the view of showing that such money would tempt robbers and thieves to murder him for it, is admissible.

Fourth—The credibility of witnesses cannot be sought to be impeached by offering a criminal record in evidence wherein the names of none of the witnesses appear.

Fifth—Motion for a new trial on account of newly discovered evidence is properly overruled when the accused does not show that the knowledge of the existence of such evidence has come to him since the trial, or that he used due diligence to get such evidence.

Wm. L. Thompson for Defendants and Appellants:

First—Act No. 98 of the State of Louisiana, passed in the year 1880, under which the jury were drawn, is unconstitutional, because there is more than one object embraced in the act not contained nor mentioned in the title; nor can the act have more than one object, and that shall be expressed in its title. Art. 29 Const. 1879.

Second—Statements of one of the accused as to the commission of a crime different' to that charged in the indictment, cannot be given in evidence against co-defendants; such statements can only be received against the party making them. 29 An. 354.

Third—Evidence must be confined to the issue, and must be facts; the time and place must be expressed with certainty. Roscoe's Cr. Ev., side page 73 *et seq.*

Fourth—The defendants were entitled to meet the witnesses against them, and the right to cross-examine them; that the records of a succession cannot be received in evidence against accused where they are not parties to it. Irrelevant testimony prejudicial to accused should be excluded. Art. 8 Const. 1879. Arnold case, C. P. 621.

Fifth—The accused were entitled, where the State endeavored to show motive by the introduction of the record of a succession, to show a stronger motive on behalf of others to commit the crime. 30 An. 921.

The opinion of the Court was delivered by

Todd. J. Martin Nolan and Alexander Giles, *alias* Joe Little, *alias* Frenchy Joe, were indicted in the Criminal Court of the parish of Orleans, for the murder of M. L. Mead. They were tried under said indictment, and the jury returned a verdict against them of guilty without capital punishment, and from the sentence and judgment of the court, rendered in accordance with said verdict, they have appealed.

The record contains several bills of exception, a motion for a new trial, and a motion in arrest of judgment, relied on by the accused to obtain a reversal of the judgment.

1. The first bill of exceptions is taken to the rulings of the judge *a quo*, refusing to sustain the challenge to the array of jurors. This challenge was made on the ground that the jurors were drawn under Act 98 of 1880, which was alleged to be unconstitutional. No specific ground of unconstitutionality is designated in the bill, and the objection might be considered too general to be considered by the Court; but we are informed by the brief of counsel that the act is assailed as being violative of Art. 29 of the Constitution, requiring that every law shall embrace but one object, and that shall be expressed in the title.

The title of the act in question plainly indicates that its object was to organize the Criminal District Court for the parish of Orleans, and as the means to effect this object, it was provided in the title for the appointment of jury commissioners, for the drawing and impanneling of jurors for said court, the division of the court into sections, and for everything else necessary to the full and complete organization, and regulation of the proceedings therein, of the court. The object expressed by the title is essentially one object. The title at least conforms to the constitutional requirement. The counsel, however, charges that section four of this Act provides for the selection and drawing of jurors for the trial of cases in the Civil District Courts. If this be the case, then this section would not fall within the object expressed in the title; but this, of itself, would not render the entire act unconstitutional, inasmuch as every other part or section of the act is covered by the title; but the only effect would be, that this provision or section being foreign to the object expressed in the title, would be considered as not written and void,

but the balance of the act would stand unimpaired. The charge is, substantially, that the act itself is broader than its title. This of itself does not destroy the entire act. Cooley announces the rule of construction in such a case to be as follows:

" But if the act is broader than the title, it may happen that one part of it can stand, because indicated by the title, while as to the object not indicated by the title it must fail.   *   *   *   *   If by striking from the act all that relates to the object not indicated by the title, that which is left is complete in itself, sensible, capable of being executed, and wholly independent of that which is rejected, it must be sustained as constitutional." Cooley, Constitutional Limitations, p. 181; 22 An. 779.

Leaving out the obnoxious section designated, there is no question but that the rest of the act constitutes a " complete and sensible act," and its sufficiency for accomplishing the object of its title in no manner impaired.

The challenge to the array of jurors was, therefore, properly overruled.

2. From the second bill of exceptions it appears, that a witness testified that she heard one of the accused in the presence of the others, say that they were going over the river to rob Mead, with whose murder they were charged. This was objected to on the ground that, if the witness knew that a crime was about to be committed and was in company with the accused at that time, she was incapacitated from giving evidence, particularly where the accused were charged with murder and not larceny. The bill was taken to the overruling of the objection. There was no error in the ruling. The witness was not charged with being an accomplice of the accused in the offense for which they were on trial, and however much the fact of the witness' association with the accused might affect her credibility, it could not affect her competency; and, apart from this consideration, it was certainly admissible to prove the declarations of the accused, not to establish their guilt of a different crime, but as a circumstance having a bearing on the question of their guilt of the offense with which they stood charged. 38 Mo. 496; 587 Ib. 242.

The fact shown in the bill, that the others were present when one of the accused made the statement of a common intent on the part of all, deprived any one of the accused of the right to object to it, on the ground that such declaration was only admissible as against the one making it.

3. The third bill of exception was taken to the ruling of the judge permitting the District Attorney to ask the same witness " if the accused were making preparations to poison dogs over the river prior to the death of Mead." The objection to it was that the question was calculated to " prejudice the jury." There is no force in this objection. We can-

State of Louisiana vs. Crowley, Nolan, Giles, and Bertin.

not of course know what bearing the fact sought to be proved had upon the issue; it might have had an important bearing; but it certainly should not have been excluded for no other reason than it might prejudice the jury.

There is really no legal question presented by the bill or the objection to the evidence on this point. The most that could be claimed for it, giving full weight to the counsel's argument, would be that the objection went solely to the effect of the evidence, and not to its admissibility.

4. Another bill of exception was taken to the admission in evidence of the inventory of the estate of the deceased, whom the accused were charged with murdering; and it appears from the bill, that the object of offering the evidence was to show the motive of the accused to murder the deceased to have been robbery; and to this end to prove by the inventory "that the deceased kept a sufficient quantity of money and property in his house to tempt thieves and robbers." The objection to its admission was, "that it was irrelevant and calculated to influence the mind of the jury."

We think the evidence was admissible for the purpose stated, and for such purpose it was entirely relevant and proper. A witness was examined to prove the same fact sought to be established by this record, and the same objection was made to his testimony. The reasons for admitting the inventory would apply in favor of the admissibility of the testimony of the witness.

5. The grounds alleged in support of the motion for a new trial which, however, have not been mentioned in the counsel's brief, are substantially:

That the evidence was insufficient to convict;

That new evidence had been discovered since the trial, and that the court erred in admitting the inventory mentioned and the testimony of the witness, Mrs. Doyle, referred to above.

The first ground this Court cannot review, as we have no jurisdiction of the facts, nor the power to judge of the sufficiency or insufficiency of the evidence, even if the evidence was in the record, which is not the case.

As to the second ground, the motion does not state that the discovery had been made since the trial, that the witness named knew the fact alleged, but only that his residence had been discovered since that event; nor is there any showing that the least diligence had been used to obtain the desired testimony in relation to a fact, an *alibi*, which, if it existed, was of course known to the accused before the trial, and which it is but reasonable to suppose some effort would have been made to procure. It is essential that such diligence should have been alleged and sworn to. Archbold, 2 vol. p. 650; 8 R. 529, 590; 6 An. 554.

50

6. The motion in arrest of judgment was based on the alleged invalidity of the indictment for defects of form and substance, and the incompetency of the grand jury from being drawn and impanneled under an unconstitutional act.

The defects in the indictment are not specifically mentioned, but we have examined it and find it drawn in strict conformity to law, both in form and substance, and the act referred to is the same that we have already held to be constitutional.

We have carefully reviewed all the proceedings in this case and find no error in the same, nothing that can entitle the parties to any relief.

The judgment and sentence appealed from are, therefore, affirmed with costs.

Rehearing refused.