State vs. Lewis et als.

A PPEAL from the Civil District Court, Parish of Orleans.
Houston, J.

Hornor & Lee and J. Q. A. Fellows, for Plaintiff and Appellee.

M. J. Cunningham, Attorney General, and J. C. Moise, for Defendants and Appellants.

---

No. 10,052.

THE STATE OF LOUISIANA vs. THOMAS LEWIS ET ALS.

The declarations of a party voluntarily made, during the preliminary examination of a prosecution of another party, are admissible against the witness, in a prosecution of himself; the more so when the witness sought to incriminate some other one and deposes to his own innocence.

On the trial of a motion in arrest, charging omissions and informalities in the minutes of the

court, the trial judge has authority to order corrections made, so as to have the minutes conform to the facts, when the same are to his personal knowledge and recollection.

In the absence of any further complaint, the corrections made will be considered as having been properly made, and as showing the real occurrence of facts.

APPEAL from the Twenty-first District Court, Parish of St. Martin. Mouton, J.

*M. J. Cunningham,* Attorney General, and *C. H. Mouton,* District Attorney, for the State, Appellee.

*James Simon,* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J.　The accused was prosecuted and convicted for murder, without capital punishment, and sentenced to hard labor for life.

For the reversal of the verdict and sentence he relies on two bills of exception and on a motion in arrest.

## I.

In the first bill it is charged that the court admitted in evidence, against the defendant, the deposition and confession of himself, taken under oath, at his preliminary examination ; that there was error in this admission, because the deposition and pretended confession was not free and voluntary.

The trial judge states that he admitted the evidence because it had been given by the accused on the preliminary examination of Césaire Lewis, who was then charged with the murder of the man Jacob Simon; because it was given by the accused of his own free will and accord, and in corroboration of what he had stated to him (the judge), before he had been called to testify, and because the testimony did not incriminate him, and was circumstantial.

This statement of the trial judge is in no way assailed, and therefore must be considered as truthful.

There is no legal proposition better settled in criminal practice than that the confessions of an accused, in actual custody, are inadmissible, unless they are his own free and voluntary statements.

In this case, the declarations of the accused were not made by him at the preliminary examination of his own case, but at the examination of another party accused of the same crime, and were given freely and voluntarily, without inducements, hope, threat or fear.

They were not offered and admitted as a *confession,* but as declara-

tions for certain purposes, perfectly legitimate in themselves, and which are set forth by the trial judge in his before-stated remarks in the bill.

Those declarations are annexed to the bill. Far from being a confession, or declarations, incriminating the defendant, they are statements clearly designed to exculpate him (the witness), and to affirm, as it does, in as many words, his own innocence.

It is, indeed, to be wondered, how a declaration of innocence can be upheld as a confession of guilt! !

## II.

The motion in arrest charged grave omissions and informalities, apparent on the face of the minutes, namely : that these do not show that the bill was found by the grand jury ; that it was returned by the foreman of the same, under his official signature; that it was handed to the judge or clerk ; that the prisoner was in court, and pleaded not guilty, when arraigned ; that he was present when the motion to sever was filed, argued and submitted ; that he was present during the trial at every important stage thereof ; that the indorsement on the bill of indictment does not show that the foreman signed his name in his official capacity, and state the crime for the which the grand jury had found.

On the trial of this motion in arrest, the district judge ordered that the minutes be corrected, so as to conform to the facts, as they occurred. To this order the accused reserved a bill. In that bill the judge states that the facts were within his personal knowledge and recollection. He had that right. 38 Ann. 469.

The other charges are not supported by the record.

There is no complaint now that the facts have been improperly set forth in the corrections made.

These views dispose of both the motion in arrest and the bill taken to the corrections ordered.

Judgment affirmed.