The opinion of the court was delivered by
Nicholls, C. J.
Defendant has appealed from a sentence of death, based upon the verdict of a jury rendered upon an indictment charging him with murder.
One of his grounds of complaint is that he was not served with a copy of venire as the law requires, because of the failure of the paper served on him to contain a copy of the “ proces verbal of the jury commissioners showing the date of drawing and number of jury commissioners present.”
We know of no law requiring the service of a copy of a proces verbal upon an accused person of the action of the jury commissionei s in drawing the jury.
Section 992 of the Revised Statutes declares simply that “ every person who shall be indicted for any capital crime, or any crime *1610 punishable with imprisonment at liardi labor- for- seven, yesurs. ©ir upward, shall have a copy of the indictment and the- list oft the* jjuwy-, which are to pass on his trial, delivered to- him. at- least-two. wkoSe days before the trial.”
The other grounds of complaint, though raised! at different, times and in different forms, all rest upon the correctness, or incorrectness o' the proposition advanced by him that no true bill had- been Stand against him by the grand jury. He contends- that “ the- findsag of the grand jury was incomplete, insensible-,, utterly void!, nralt and meaningless, and the so-called indictment fatally dafactiw@b.y reason of the said finding.”
From the motions to quash, demurrer, Mils of esweptiemt, motions for a new trial and motion in arrest of judgment,, it would appear that the finding of the grand jury, endorsed on the- baefe of the indictment and signed by the foreman, was written “ em thorn hill,” instead of “ a true bill.”
The objection to the finding of the grand jury was first raised by demurrer and motion to quash before trial, but after arraignment. The court overruled the objection, holding that the finding and endorsement were sufficient under the rule of idem swans, but none the less it ordered the clerk of court to enter an order directing the finding by the grand jury on the indictment to be so amended as to read, “ a true bill.” The copy of the indictment served upon the. defendant was a copy of the indictment as so amended.
In the proceedings of the court of September 18, 1894, we find! the following minute entry:
• State ok Louisiana versus Muee Williams, Indictment for Murder. j-No. 911.
In this case the grand jury came into open court and reported the following, viz.: “ Indictment for murder; a true bill.
(Signed) “L. Himel, Foreman of the Grand Jury.”
We assume that the original entry (prior to amendment) was: “ Indictment for murder; a thru bill.
(Signed) “ L. Himel, Foreman of the Grand Jury.”
In the first volume of Wharton on Criminal Law (Principles, Pleading and Evidence), Sec. 497, the author discusses the subject *1611 of the “ Finding and attesting of the bill.” He says: “The examination being over, it becomes the duty of the grand jury to pass upon the bill * * * The usual practice is for the foreman to sign the return, and the words ‘ a true bill,’ with his name attached, have been frequently considered a good finding, though it was held not an error where the endorsement was simply ‘ a bill,’ omitting the word ‘true.’ And in some States it has been held sufficient to omit ,the words ‘ a true bill ’ altogether, where the signature of the foreman is given. The weight of authority, however, is that the omission of the words ‘true bill,’ if excepted to before verdict, will be fatal.”
In Frisbie vs. United States, 157 U. S. 163, the Supreme Court of the United States said:
“Id is objected that the indictment lacks the endorsement ‘a true bill,’ as well as the signature of the foreman of the grand jury. No objection was made on this ground in the Circuit Oourt, either before or after the trial. There is in the Federal Statutes no mandatory provision requiring such endorsement or authentication, and the matter must therefore be determined on general principles,
“ It may be conceded that in the mother country, formerly at least, such endorsement and authentication were essential.
“ The endorsement is parcel of the indictment and the perfection of it. (King vs. Ford, Yelv. 99.) But this grew out of the practice there obtained.
“ The bills of indictment or formal accusations of crime were prepared and presented to the grand jury, who, after investigation, either approved or disapproved of the accusation, and indicated their action by the endorsement ‘a true bill’ or ‘ignoramus,’ or sometimes in lieu of the latter ‘ not found,’ and all the bills thus acted upon were returned by the grand jury to the court. In this way the endorsement became the evidence, if not the only evidence, to the court, of their actions.
“But in this country the common practice is for the grand jury to investigate any alleged crime, no matter how, or by whom, suggested to them, and after determining that the evidence is sufficient to justify putting the party suspected on trial, to direct the preparation of the formal charge or indictment. Thus, they return into court only those accusations which they have approved, and the fact *1612 that they thus return them into court is evidence of such approval, and the formal endorsement loses its essential character.”
This matter is fully discussed by Beasley, C. J., in State vs. Magrath, 44 N. J. Law, 227, 228; by Moncure, President of the Court of Appeals, in Price vs. Commonwealth, XI Cush. 473, 474, the latter saying: “This omission in an indictment is simply the omission of a form, which, if oftentimes found convenient and useful, is in reality immaterial and unimportant.” In each of these cases it was held by the court that “ the lack of the endorsement was not necessarily, and under all circumstances, fatal to the indictment.”
In Bishop Crim. Prac., Sec. 700, it is said: “In the absence of a mandatory statute, it is the better view that both the words ‘ a true bill,’ and the signature of the foreman may be dispensed with if the fact of the jury’s finding appears in any other form in the record.” See also State vs. Creighton, 1 Nott & McC. 256; State vs. Cox, 6 Ired. (Law) 440.
In Gardner vs. People, 3 Scammon, 83, 87, the court held that “the signature of the foreman, though a statutory requirement, would be presumed if the indictment was recorded. Nevertheless, as it is not an unvarying rule for the grand jury to return into the court only the indictments which they have found, it is advisable at least that the indictment be endorsed according to the ancient practice, for such endorsement is a short, convenient and certain method of informing the court of their action. The defect, however, is waived if objection is not made in the first instance and before trial, for it does not go to the substance of the charge, but only to the form in which it is presented. There is a general unanimity of the authorities to this effect.”
In State vs. Agnew, 52 Ark. 275, it was held that a statute requiring an endorsement of “a true bill” signed by the foreman, was directory; that objection to a lack of such endorsement was waived unless made before pleading.
In McGuffee vs. State, 17 Georgia, while holding that the usual practice of endorsement was advisable, the court said that the objection of account thereof was “ an exception which goes rather to Che form than to the merits of the proceedings” and too late after trial. See also State vs. Martins, 14 Missouri, 94; State vs. Murphy, 47 Missouri, 274; State vs. Shippey, 10 Minn. 223; People vs. Johnson, 48 Cal. 549; War-Kon-Chaw-Reek-Law vs. United States, Morris (Iowa) 332.
*1613 • In this connection reference may be made to Sec. 1025, Revised Statutes, which reads:
“ No indictment found and presented by a grand jury in any District or Circuit, or other court of the United States, shall be deemed insufficient, nor shall the trial judgment or other proceeding thereon be affected by reason of any defect or imperfection in matter or form only, which shall not tend to the prejudice of the defendant.”
‘•The endorsement was no part of the charge against the defendant. If no indictment had in fact been found by the grand jury —in other words, if there was no legal accusation against him the defendant should have objected on this ground when the court called on him to plead to this, which it assumed to have been properly presented to it. The very fact of pleading to it admits its genuineness as a record. State vs. Clarkson, 3 Ala. 378, 383. Instead of denying the existence of any legal accusation the defendant demurred to it, on the ground of insufficiency, thus abandoning all question of form and challenging only the substance.”
In the case before this court the record shows that the grand jury reported an indictment for murder in the ease of the State vs. Muff Williams. The indictment was filed in court and is itself a part of the record (Pickerell vs. Commonwealth (Ky.), 30 S. W. 617). It charges the defendant with having murdered one Augustin Johnson. He was unquestionably tried and convicted under an indictment found by a grand jury. Defendant’s complaint is leveled merely at the word “ thru ” appearing in the endorsement before the word “ bill.” The word was evidently intended for the word “ true.” As written, it was either a slip of the pen, or the mistake of a person whose mother tongue probably was not English as to the spelling of the word or as to the. word itself.
In this State, under Sec. 1064 of the. Revised Statutes, “ every objection to any indictment for any formal defect apparent on the face thereof shall be taken by demurrer or motion to quash such indictment before the jury shall be sworn and not afterward, and every court before which any such objection shall be taken for any formal defect may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, and thereupon the trial shall proceed as if no such defect had appeared.
The authorities cited show that the objection raised went only to *1614 form and did not reach the charge presented against the accused. The court was authorized to make the amendment it did and the case properly went to trial.
The judgment appealed from is affirmed.