(45 South. 594.)
No. 16,891.
STATE v. WEST et al.
(Feb. 3, 1908.)

1. JURY—CHALLENGES BY STATE.

In cases in which the punishment is necessarily at hard labor, the state is entitled to six peremptory challenges for each defendant on trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, §§ 607–618.]

2. HOMICIDE—MALICE—EVIDENCE.

Since malice cannot usually be directly proved, the evidence thereof being circumstantial, any facts which go to establish an inference of its existence are admissible. Evidence of preparation is always admissible in a prosecution for murder.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 301.]

3. CRIMINAL LAW—RECORD—CORRECTION.

It is the duty of the judge, upon his own knowledge of what took place, if he is sufficiently informed, to have the minutes corrected so as to make them true, even after a motion in arrest of judgment, founded upon the defect to be corrected, has been made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 2544, 2545.]

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Clay Elliott, Judge.

Closey West and another were found guilty of manslaughter, and appeal. Affirmed.

Marrion Wallace Davidson and Duncan Stuart Kemp, for appellants. Walter Guion, Atty. Gen., and Robert Stephen Ellis, Dist. Atty. (Lewis Guion, of counsel), for the State.

MONROE, J. Three persons having been tried together for murder, two of them were found guilty of manslaughter, and have appealed from the sentence imposed. They complain, by bills of exception to the ruling of the trial court, as follows:

1. That the state, being entitled to but six peremptory challenges, was allowed seven.

In cases in which the punishment is necessarily at hard labor, the state is entitled to six peremptory challenges for each defendant on trial. State v. Caron et al., 118 La. 350, 42 South. 960.

2. That a state witness, being asked whether he knew of any trouble between "any of these parties accused and the deceased," was permitted to answer: "I left Denham Springs late in the night, about the time the

stores closed, and on my way home, in my lane, about opposite Sonney Cotton's house, where his path comes into a big road, over a wire fence, Limas West [one of the accused] got up, from lying down by the fence, with a shot gun. I asked him what he was doing there, at that time of the night, lying down with a shotgun by the side of the fence. He said for Sonney Cotton to come out—Sonney Cotton is nickname for Harvell Smith, the one that got killed—to go up to Easterly neighborhood that night; that he was afraid to go up there without his gun. This was about three or six weeks before the killing." This was objected to, on the ground that it was not res gestæ, and that testimony as to the conduct of Limas West was irrelevant as against the other defendants; and it was admitted as against Limas West, as tending to show malice and preparation—the jury having been instructed that it was excluded, and that they should give it no effect, as to the other defendants. The testimony was properly admitted.

"Since malice cannot usually be directly proved, the evidence thereof being circumstantial, any facts which go to afford an inference of its existence are admissible." Marr's Crim. Jurisprudence of La. p. 65; State v. Crowley, 33 La. Ann. 782.

Evidence of preparation is always admissible for the prosecution. State v. Stocket et al., 115 La. 745, 39 South. 1000.

3. Defendants moved in arrest of judgment, on the ground that, as appeared from the minutes of the court, the grand jury by which they had been indicted had not been properly impaneled; and the court thereupon directed that the testimony of the clerk, the deputy clerk, and the sheriff be taken, contradictorily with the counsel for the accused (who objected and excepted), to show what had actually been done, and to establish a basis for its order that the minutes be so corrected as to conform to the truth.

There was no error in the ruling complained of. It is the duty of the judge, upon his own knowledge of what took place (if he is sufficiently informed), to have the minutes so corrected as to make them true, even after a motion in arrest of judgment, founded on the defect to be corrected, has been made. Marr's Cr. Jur. of La. p. 463; State v. Lewis et al., 39 La. Ann. 1110, 3 South. 343; State v. Leftwich, 46 La. Ann. 1197, 15 South. 411.

There are one or two other bills covering the same points, and a bill, to the overruling of a motion for new trial, which presents nothing upon which the court can act.

Judgment affirmed.