(111 So. 492)

No. 28092.

### STATE v. JONES.

(Nov. 2, 1926. On Rehearing, Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬷938(1)—**Newly discovered evidence merely cumulative or impeaching does not warrant new trial.**

New trial for newly discovered evidence, which is merely cumulative or impeaching and of witness who was present at trial but was not sworn, *held* properly refused.

2. **Criminal law** ⬷1166½(4)—**Defendant actually present cannot complain on appeal that minute entry did not show presence of him--self or counsel when case was fixed for trial.**

Where defendant and counsel were in fact present when case was called for trial and tried and they acquiesced in proceedings, defendant cannot complain on appeal after conviction that minute entry failed to show that either defendant or counsel was present when case was fixed for trial.

3. **Criminal law** ⬷1083—**Minute entry may be amended after granting appeal to show arraignment and plea by defendant before trial.**

Minute entry may be amended after appeal from conviction is granted to show that defendant, who was present with counsel, was arraigned and pleaded not guilty before trial was taken up.

4. **Courts** ⬷116(3)—**Minutes may be corrected by court to conform to facts, especially when within personal knowledge of judge.**

Court may correct minutes to conform to facts, especially when facts are within personal knowledge and recollection of judge.

5. **Criminal law** ⬷1144(8)—**Minutes showing acceptance of jurors sworn to try case sufficient without showing oath on voir dire, court assuming proper oath.**

In absence of showing that jurors were not sworn on their voir dire before being examined as to their qualification and fitness, court assumes that proper oath was administered, and it was not sacramental that minutes show such fact; it being sufficient to show that jurors were accepted by state and defense and were sworn to try case.

6. **Criminal law** ⬷1144(10)—**Presence of counsel in all trial court proceedings need not be shown by minutes.**

Minutes need not affirmatively show presence of counsel in all proceedings in trial court.

7. **Criminal law** ⬷1144(10)—**Accused's counsel was presumed present in all important proceedings of case under minutes showing presence of accused.**

Where minutes showed that all important proceedings in case were had in accused's presence and contradictorily with accused, represented by counsel employed by him, it is presumed, in absence of contrary proof, that counsel was present in all important stages of case.

8. **Criminal law** ⬷1032(3)—**Failure of copy of indictment in transcript to contain indorsement "a true bill" was not error, such objection to original indictment not claimed not to be so indorsed.**

Where minutes show that grand jury presented true bills of indictment for murder in open court, to which defendant pleaded not guilty on being arraigned and made no objection thereto as not properly indorsed, failure of copy of indictment contained in transcript on appeal to show indorsement "a true bill" signed by foreman of jury was not error; there being no contention that original indictment was not so indorsed.

9. **Indictment and information** ⬷34(2)—**Indictment need not necessarily contain indorsement "a true bill" signed by foreman of grand jury.**

It is not mandatory for indorsement "a true bill" signed by foreman of grand jury to be made on indictment.

10. **Indictment and information** ⬷196(4)—**Defendant arraigned and tried under plea of not guilty to indictment waived objections to form of indictment and failure to indorse true bill thereon (Rev. St. § 1064).**

Where record showed that grand jury reported indictment against defendant in open court, which was filed and made part of record and under which defendant was arraigned and tried under plea of not guilty, defendant waived any objection to form of indictment and to failure of foreman of grand jury to indorse true bill on indictment, in view of Rev. St. § 1064.

O'Niell, C. J., dissenting.

Appeal from Seventh Judicial District Court, Parish of Concordia; R. M. Taliaferro, Judge.

Marvin Jones was convicted of manslaughter, and he appeals. Affirmed.

Hugh Tullis, of Vidalia, and George Wesley Smith, of Monroe, for appellant.

Percy Saint, Atty. Gen., and Jos. M. Reeves, Dist. Atty., of Vidalia (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

THOMPSON, J. The defendant was tried for murder, convicted of manslaughter, and from a sentence of from 10 to 12 years in the penitentiary presents this appeal.

The only bill of exception found in the record relates to the overruling of a motion for a new trial and a motion in arrest of judgment.

The motion for a new trial is based on the ground of newly discovered evidence which it is alleged will be produced in the persons of Edward Morace and E. C. Holmes. It is alleged that the defendant did not know of the evidence of the witness Holmes at the time of or during the trial, nor did his counsel, and that such facts as would be testified to by the witness were only discovered since the trial.

[1] The judge in overruling the motion stated that the witness Morace was summoned by the defendant and was present in court during the trial but was not sworn, and that the evidence of the witness Holmes would be cumulative only and would in reality be in contradiction of a considerable part of the evidence given by the defendant.

We must accept the statement of the trial judge as furnishing sufficient reason for overruling the motion.

The matters set out in the motion in arrest of judgment were as to errors and omissions in the minute entries which were corrected by the trial judge in open court and in presence of the accused and his counsel.

No further complaint on that score is made in this court.

In this court the defendant by written motion assigns as error,

First, that the minute entry Friday, May 14, 1926, does not show that either the accused or his counsel was present when the case was fixed for trial, nor does the minute entry show that the defendant was arraigned and entered any plea.

Second, that the record does not show that two persons, to wit, P. V. Fisher and Douglas Rice, were ever sworn and examined upon their voir dire.

[2] As to the first complaint, it will be noted that the defendant does not contend that he was not present when his case was set down for trial; his complaint being that the minute entry failed to show that he was present. When the case was called up for trial and tried, the defendant and his counsel were present. The defendant did not then ask for further time, nor did he then complain because he was not present when the case was fixed for trial, nor of the fact that the minutes failed to show that he was present. He acquiesced in the fixing, proceeded to trial, and cannot now complain of the omission in the minute entry even if it was sacramental for the minutes to show the fact of his presence at the fixing of the case for trial.

[3] The minutes omitted to show that the defendant was arraigned and entered a plea, but the minutes were corrected after the appeal had been granted so as to show that the arraignment had been made and a plea of not guilty entered before the trial was taken up.

The accused and his counsel were present when the arraignment and plea were made.

The correction was made on application of the district attorney and contradictorily with the accused.

[4] It is well settled that courts have the authority to correct their minutes so as to conform to the facts, especially when such

facts are within the personal knowledge and recollection of the judge. State v. Gonsoulin, 38 La. Ann. 459; State v. West, 120 La. 748, 45 So. 594, and authorities there cited.

[5] The defendant does not allege as the second error assigned that the jurors Fisher and Rice were not regularly sworn to try the case on its merits, but the complaint is that the minutes fail to show that the said jurors were sworn on their voir dire. In the absence of any showing that the two jurors were not so sworn before being examined as to their qualification and fitness, we must assume that the proper oath was administered to them, and it was not sacramental that the minutes should show that fact; it being sufficient for the minutes to show that the two jurors were accepted by the state and defense and were sworn to try the case.

It was suggested in oral argument that the minutes as corrected do not show that counsel for accused was present when the correction was made.

Here again it is not contended that counsel were not present, but that the minutes fail to show that counsel was present.

The counsel who appeared in this court was not counsel for defendant in the lower court.

For all that this court knows, the counsel who represented the defendant and was present throughout the trial and proceedings in the lower court was so present when the last correction of the minutes was made.

[6, 7] We know of no law which requires that the minutes should affirmatively show the presence of counsel in all proceedings in the trial court. On the contrary, when the minutes show that the trial and all important proceedings in the case were had in the presence of the accused and contradictorily with him, and it appears that the defendant was represented by able counsel employed by him, it will be presumed, in absence of proof to the contrary, that such counsel was present in all important stages of the case.

It was also suggested in oral argument before this court that the copy of the indictment as contained in the transcript does not show the indorsement "a true bill" and signed by the foreman of the grand jury. Here again it is not contended that the original indictment as returned by the grand jury did not contain such an indorsement.

[8] The minutes show that the grand jury came into open court and through their foreman presented to the court the following true bills of indictment numbered from 3545 to 3550, both inclusive, which were ordered filed by the court and that warrants issue thereon for the arrest of the accused parties. Then follows the entry on the minutes No. 3545, State of Louisiana v. Marvin Jones, Charge Murder—Indictment.

When the defendant was arraigned and the indictment was read to him and he pleaded not guilty, he made no objection to the indictment as not having been properly presented, nor did he raise the question that the indictment had not been properly indorsed a true bill followed by the signature of the foreman. No such objection was ever made, and, as before stated, it is not now contended that the original indictment was not so indorsed.

[9] There is in our state no statute making it mandatory for the indorsement "a true bill," and signed by the foreman of the grand jury, to be made on the indictment, though this was essential at common law and is the universal practice in this and other states.

In Gardner v. People, 3 Scam. (Ill.) 83, the court held:

"The signature of the foreman, though a statutory requirement, would be presumed if the indictment was recorded. Nevertheless, as it is not an unvarying rule for the grand jury to return into court only the indictments which they have found, it is advisable at least, that the indictment be indorsed according to the ancient practice, for such indorsement is a short, convenient, and certain method of informing the court of their action.

"The defect, however, is waived if objection is not made in the first instance and before

trial, for it does not go to the substance of the charge, but only to the form in which it is presented. There is a general unanimity of the authorities to this effect."

In State v. Agnew, 52 Ark. 275, 12 S. W. 563, it was held that a statute requiring an indorsement of "a true bill," signed by the foreman, was directory; that objection to a lack of such indorsement was waived unless made before pleading.

In McGuffie v. State, 17 Ga. 497, while holding that the usual practice of indorsement was advisable, the court said that the objection on account thereof was an exception which goes rather to the form than to the merits of the proceedings and too late after trial.

In Bishop, Crim. Prac. § 700, it is said:

"In the absence of a mandatory statute, it is the better view that both the words 'a true bill,' and the signature of the foreman may be dispensed with if the fact of the jury's finding appears in any other form in the record."

The foregoing authorities were quoted with approval by this court in State v. Williams, 47 La. Ann. 1609, 18 So. 647, where it was held that the objection raised by the accused to the finding of the grand jury went only to form and not to the charge presented against him. The court in that case quoted, in support of its ruling, section 1064 of the Revised Statutes, which declares that—

"Every objection to any indictment for any formal defect apparent on the face thereof, shall be taken by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards," etc.

[10] In the present case the record shows that the grand jury reported the indictment against the defendant in open court. The indictment was filed in court and is itself a part of the record. He was arraigned and tried on that indictment under his plea of not guilty.

He thereby waived any objection to the form of the indictment and to the failure of the foreman of the grand jury to indorse "a true bill," on the indictment, even if it was true that the indictment lacked such indorsement.

In State v. Broussard, 133 La. 884, 886, 63 So. 390, 391, this court held:

"The objection, made for the first time on appeal, that the record does not show that the defendant was indicted by a grand jury duly impaneled and sworn, is without merit. The indictment is in due form, and the minute entry recites that it was presented by the grand jury in open court and ordered filed and made of record."

For the reasons assigned the conviction and sentence are affirmed.

O'NIELL, C. J., dissents.

On Rehearing.

ROGERS, J. Defendant applied for a rehearing herein solely upon the ground that the court erred in holding, in its original opinion:

"That a bill of indictment is legal which does not contain the indorsement 'a true bill,' or words to that effect, followed by the signature of the foreman of the grand jury; and in further holding that the defendant and appellant waived the lack of such an indorsement by pleading to the so-called indictment, by being tried thereunder and by being convicted."

His application was granted in order that the court might hear further argument on the point. Pending the rehearing, under a writ of certiorari issued to the clerk of the district court, the transcript of appeal was amended and corrected so as to set forth "the full and complete text of said bill of indictment, with all indorsements appearing thereon." An examination of the transcript as thus amended and corrected shows that the original indictment was indorsed "a true bill," and that it also contained the signature of the foreman of the grand jury. This answers the only complaint of defendant in his application for a rehearing. All the other issues of the case were disposed of on the original hearing.

For the reasons assigned, our former decree is reinstated and made the final judgment of the court.