258 So.2d 534

**STATE of Louisiana**

**v.**

**Eddie Frank WILLIAMS.**

**No. 51218.**

Feb. 21, 1972.

(See Remand on Dec. 20, 1971).

Harrison G. Bagwell, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

BARHAM, Justice.

The defendant filed a motion for a new trial alleging as a fact that the jury which

convicted him received additional instructions or charges from the judge in the courtroom while he, the defendant, was absent from the courtroom. The motion was overruled without a hearing, and the defendant reserved a bill of exceptions to the denial of the motion as well as to the denial of a hearing on the motion. The pertinent minutes for the particular day of trial read as follows:

"The introduction of evidence was begun, the accused being present in court represented by counsel. Upon completion of the evidence the case was argued by counsel, after which time the court charged the jury. The jury retired to the jury room for deliberations in the case at 12:25 P.M. The jury returned to the courtroom at 1:15 P.M., and through its foreman, rendered the following verdict written on the reverse side of the bill of indictment:

"We the jury find the accused guilty. John A. Landry, Foreman, June 17, 1969."

■ The State admits that after the jury retired upon receiving the judge's original charge and upon the submission of the case to it, the jurors were returned to the courtroom, where they asked for and were given additional instructions. The State admits as a matter of fact that there was a renewal of the jury proceedings in the courtroom which is shown in the transcript of the trial but not reflected in the minutes of court. It was during this interval of the trial that defendant alleges he was absent from the courtroom. The State in all honesty concedes that the statement in the minutes of defendant's presence when the trial was resumed at the beginning of the day would not affirmatively show the defendant's presence during the later proceedings which are not reflected in the minutes. Under Code of Criminal Procedure Articles 808, 831(5), and 832 the defendant in this capital case could not waive his presence during any of the jury proceedings.

■ For these reasons, without disturbing the verdict or the sentence imposed, it is ordered that this case be remanded temporarily to the Nineteenth Judicial District Court, Parish of East Baton Rouge, to enable the State to show contradictorily with the defendant whether or not jury proceedings were had on June 17, 1969, at which the defendant was not present, and to have the minutes corrected accordingly to show whether there was a resumption of the proceedings in order to further charge the jury and whether or not the defendant was present; and it is further ordered that a certified copy of said minutes, when corrected, be sent up to this court with a copy of the proceedings had, to the end that this appeal may be determined. The trial court is ordered to make this disposition without unreasonable delay but no later than January 15, 1972.

SUMMERS, Justice (dissenting).

By this order the Court reverses the trial court's ruling denying a hearing on a mo-

tion for a new trial, and also reverses the trial court's ruling denying a motion for a new trial. In doing so, while declaring that the order is not disturbing the verdict or the sentence imposed, the Court orders this case "remanded temporarily" to enable the State to make a showing at an evidentiary hearing on the issue of defendant's presence in Court. An inordinately short time until January 15, 1972 is fixed to dispose of this proceeding in the trial court.

In taking this action the Court seems to impose the obligation on the State to make a showing to support a claimed error upon which the defendant relies.

It would perhaps be acceptable to issue an interlocutory order for the correction of a technical omission in the record of a case here on appeal, but to reverse and set aside two rulings of the trial court and order a hearing in this manner, without granting defendant a new trial if the error warranted this action, is an unheard of procedure. It is a result none of the parties contended for and none will have anticipated. If this precedent is allowed to stand as a rule of procedure, this court will conceivably, in the future, be ordering the retrial of issues piecemeal. And this after an appeal has been perfected and lodged here.

Defendant has either shown or he has not shown that he was not present in court as the law requires. If he has made this showing, he is entitled to a new trial for a substantial violation of a statutory right. La.Code Crim.Proc. arts. 831, 832, 921. If he has not made the necessary showing, the appeal on this issue fails.

Once an order of appeal has been properly entered, as in this case, the jurisdiction of the trial court is divested. La.Code Crim.Proc. art. 916.[1] The only conceivable action the trial court may take under the circumstances of this case is to "Correct an error or deficiency in the record," La. Code Crim.Proc. art 916(2). Since the reversal of the trial court on two of its significant rulings can hardly be characterized as an "error or deficiency in the record," the Court's action, in effect, orders the trial court to do something (hold a hearing) when it has no jurisdiction to do so.

1. Article 916 of the Code of Criminal Procedure provides:
"The jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to:
"(1) Extend the return day of the appeal or the time for filing and signing bills of exceptions and per curiae;
"(2) Correct an error or deficiency in the record;

"(3) Correct an illegal sentence, or reduce a legal sentence in accordance with Article 913(B);
"(4) Take all action concerning bail permitted by Title VIII;
"(5) Receive and sign bills of exceptions and add per curiae thereto; and
"(6) Render an interlocutory order for a definitive judgment concerning a ministerial matter not in controversy on appeal."

What the Court may do is to have the trial court amend the record to show what took place at the trial when the matter is within the trial judge's recollection. State v. Jones, 163 La. 51, 111 So. 492 (1927). There is no authority to reactivate the trial in whole or in part and order a hearing on a controverted issue of fact in a court which has been divested of jurisdiction pending the appeal. The State's attorney did not admit that the defendant was not present in court. He simply stated that the minutes did not show whether defendant was or was not in court when the jury returned for instructions, and that the minutes did not show that the jury returned for instructions. These fact questions must therefore be established in the hearing ordered.

Since the Court's action is not responsive to the defendant's motion for a new trial (no new trial has been ordered), a serious question of double jeopardy is presented by this "temporary remand". La.Const. art. 1, § 9; La.Code Crim.Proc. art. 591.

This case is only an example of this Court's urge for innovation without a proper basis in law or fact and without a proper understanding of consequences. These actions cannot but add confusion and uncertainty to the law with prejudice to the State and the accused in many areas. In my view the Court's action in this case vividly demonstrates that all innovation is not improvement.

On the Merits.

BARHAM, Justice.

This case was remanded temporarily for the purpose of having the minutes of court show whether or not the defendant was present during all of the jury proceedings on June 17, 1969. The trial court has complied with our order on remand and has presented to us the transcript of a proceeding had on the remand, its order for the amendment of the minutes of June 17, 1969, and the amended minute entry. Upon finding after a contradictory hearing. that the defendant was absent when the jury returned to the courtroom and received additional instructions, the district court ordered the minutes corrected accordingly. Pursuant to that order the following minute entry was made:

"The Court ordered that the minutes of June 17, 1969 in this matter be amended only insofar as to show that at 1:10 p. m. the jury returned to the courtroom and requested additional instructions from the Court; that when the jury returned to the courtroom for said additional instructions the accused was not present in court."

Code of Criminal Procedure Article 831 reads in pertinent part: "A defendant charged with a felony shall be present:

* * * (5) In trials by jury, at all proceedings when the jury is present * * *."* Article 808 provides: "If the jury or any member thereof, after having retired to deliberate upon the verdict, desires further charges, the officer in charge shall bring the jury into the courtroom, and *the court shall in the presence of the defendant, his counsel, and the district attorney, further charge the jury.* * * (Emphasis supplied.) See former R.S. 15:392, 15:396.

The jurisprudence of this state is well settled that one tried for a felony must be personally present in court at every important stage of the trial, and that "otherwise a verdict against him and the sentence will be set aside". State v. Pope, 214 La. 1026, 39 So.2d 719. Moreover, we have repeatedly held that the minutes of the court must affirmatively disclose that he was present. State v. Pope, supra; State v. Thomas, 128 La. 813, 55 So. 415; State v. White, 156 La. 770, 101 So. 136; State v. Futrell, 159 La. 1093, 106 So. 651; State v. Layton, 180 La. 1029, 158 So. 375. Because of these latter holdings we remanded so that the minutes might be amended to show whether the defendant here was present when the jury returned to the courtroom and received further charges from the court.

The redactors' comment to Article 831 reads in part: "The requirement in Clause (5) that the defendant be present at all proceedings when the jury is present stresses the importance of the defendant's presence whenever the jury is in court. It clearly covers the judge's *charge or supplemental charges* to the jury, at which point the defendant's presence was generally required under Arts. 392 and 396 of the 1928 Louisiana Code of Criminal Procedure, and any doubts raised by the nebulous phraseology of former Art. 392 are cleared up. * * *" (Emphasis supplied.)

■ The minutes now show that the defendant was in fact not present in the courtroom when the jury received further charges. In accordance with the express mandates of the Code and our jurisprudence we are required to reverse the conviction and sentence.

For the reasons stated the conviction and sentence are reversed and set aside, and the defendant is remanded to the district court.

SUMMERS, J., dissents. See the reasons assigned in my dissent on remand.

---

* The only exception to the mandatory requirement of Article 831, the waiver provided in Article 832 where a defendant charged with a felony not punishable by death temporarily and voluntarily absents himself, is inapplicable for two reasons in this case: The defendant was charged with murder, and he did not voluntarily absent himself. See 27 La.L.Rev. 175, 219.