277 So.2d 647 (1973)
STATE of Louisiana, Appellee,
v.
James COMEAUX and Donald Comeaux, Appellants.
No. 52718.
Supreme Court of Louisiana.
May 7, 1973.
*648 White & Pitre, Marion Overton White, Joshua J. Pitre, Opelousas, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendants were jointly tried on a charge of simple rape. La.R.S. 14:43. Upon conviction, they were sentenced to five years in the state penitentiary.
We do not find it necessary to discuss the numerous bills of exceptions reserved because we find reversal is required by patent error, i. e., error discoverable by inspection of the pleadings and proceedings and without inspection of the evidence. See La.C.Cr.P. Art. 920(2).
The two defendants were tried at the same time. Article 818 of the Code of Criminal Procedure of 1966 requires: "If there is more than one defendant on trial, the verdict shall name each defendant and the finding as to him" (Italics ours.) In the present instance, the jury verdict signed by the foreman simply stated: "Guilty of simple rape." It thus did not comply with the code requirement that the jury render verdict separately on each defendant in a joint trial.
The Official Revision Comment to Article 819 (a succeeding provision requiring a separate verdict as to each count) explicitly states the philosophy of the new Code: These articles "require the jury to consider each defendant and each count independently and to return a verdict, if they can agree upon one, as to each defendant and as to each count." The intent was thus to encourage particularized consideration of the guilt or not of each co-defendant and on each count, and to inhibit a generalized finding which might be less indicative of individual guilt than of guilt by association.
The 1966 enactment marked a deliberate change from the former criminal procedure. Under the Code of Criminal Procedure of 1928 (Act 2 of 1928), a general verdict of guilty, in the absence of other specification, found all defendants on trial guilty as charged by each count of the indictment. See La.R.S. 15:411, 414 (1950). The 1966 enactment repealed these provisions and legislatively overruled decisions upholding them, such as State v. Slaydon, 188 La. 487, 177 So. 582 (1937) and State v. Barber, 167 La. 635, 120 So. 33 (1929).
In the present instance, therefore, the jury verdict does not, as required by law, make an independent finding of the guilt of each defendant. It thus does not meet the statutory essential that the verdict mandatorily show that the jury independently considered and found the guilt of each of the jointly tried defendants.
Since the trial did not result in a valid verdict finding guilty either defendant, nor *649 did the sentences imposed rest upon a valid verdict, La.C.Cr.P. Art. 872, the convictions and sentences must be set aside and the matter remanded for a new trial.
This being so, we need do no more than note that the minutes do not affirmatively disclose that the trial jurors selected to serve were sworn as required by law, La. C.Cr.P. Arts. 788-790, nor that both the defendants and their counsel were present when the trial resumed after the jury returned on several instances during December 7 and 8, as required by law, see La.C. Cr.P. Art. 831(5), State v. Williams, 260 La. 1153, 258 So.2d 534 (1972). While this may be clerical inadvertence and thus correctible upon remand after contradictory hearing, we think it appropriate to note these deficiencies to avoid possible procedural error upon the retrial.
For the foregoing reasons, the convictions and sentences are set aside, and the case is remanded for a new trial.
Reversed and remanded.