DIXON, Justice.
Defendants, Gerald Egena and Billy Ray Jacob, were charged jointly by bill of information with the September 23, 1972 armed robbery of Henrietta Thormah-len, in violation of R.S. 14:64. The defendants were jointly tried on March 15, 1973 and, after a short deliberation, the jury returned the following verdict: “Guilty as Charge (sic) of Arm (sic) Robbery.” Each defendant was sentenced to forty years at hard labor. Defendants base this appeal upon two assignments of error but discussion of these alleged errors is pretermitted because of an error patent on the face of the record. See C.Cr.P. 920(2).
C.Cr.P. 818 provides:
“If there is more than one defendant on trial, the verdict shall name each defendant and the finding as to him.” (Emphasis added).
The Official Revision Comment to article 819 (a succeeding provision requiring a sep *1107 arate verdict as to each count) expressly states the rationale of this provision. These articles “require the jury to consider each defendant and each count independently and to return a verdict, if they can agree upon one, as to each defendant and as to each count.” As we stated in State v. Comeaux, 277 So.2d 647, 648 (La.1973) “[t]he intent was thus to encourage particularized consideration of the guilt or not of each co-defendant and on each count, and to inhibit a generalized finding which might be less indicative of individual guilt than of guilt by association.”
The verdict in this case clearly does not comply with the quoted statutory provision. The jury’s illegal verdict was at least partially induced by the list of verdicts possible submitted to the jury by the trial judge. This list provided in part: “You may render one verdict as to one defendant, naming him, and a different verdict as to the other defendant, naming him; or you may render the same verdict as to both defendants.”
C.Cr.P. 920(2) provides that this court shall consider on appeal “an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” The jury’s verdict is part of the pleadings which this court must review for errors. See, e. g. State v. Craddock, 307 So.2d 342 (La.1975); State v. Comeaux, supra; State v. Sanford, 248 La. 630, 181 So.2d 50 (1965). Since the trial did not result in a valid verdict finding either defendant guilty, nor did the sentences imposed rest upon a valid verdict, C.Cr.P. 872, the convictions and sentences must be set aside and the case remanded for a new trial.
For the foregoing reasons, the convictions and sentences of both defendants are reversed and the case is remanded for a new trial.