502 So.2d 1098 (1987)
STATE of Louisiana
v.
William H. HANCOCK, Sr.
No. KA-5576.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1987.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, LOBRANO and WARD, JJ.
GARRISON, Judge.
The defendant, William H. Hancock, Sr., was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. After he was found guilty as charged, the defendant was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction and sentence.
On May 19, 1985, the New Orleans Police Department responded to a medical emergency call at the French Quarter apartment of Allen Watson. Upon their arrival, the police found Watson dead as a result of multiple stab wounds. Several days later, an employee of a local jewelry store called *1099 the police when a man named Barry Tregob brought in a diamond ring to be sized which the employee recognized as the ring he had sold previously to Watson. This employee was a personal friend of Watson's and had seen Watson wearing the ring on the night before his murder. The police arrived and brought Tregob to the police station for questioning. Tregob told the police that he had agreed to buy the ring from the defendant and had taken it to the jeweler to be sized. Tregob cooperated with the police in apprehending the defendant by setting up a meeting with the defendant on the pretense that he wanted to pay for the ring at that time. As the defendant arrived at a restaurant for his meeting with Tregob, he was arrested by the police. Subsequently, the defendant confessed to the killing of Allen Watson.
On appeal, the defendant requests that the record be reviewed for errors patent. The record in the case indicates that the trial court erred in sentencing the defendant immediately after denying his motion for new trial, rather than observing the twenty-four hour delay period required by LSA-C.Cr.P. art. 873. This article provides that this delay period may be waived by the defendant; however, the record does not reflect such a waiver. Although the failure of the trial judge to observe this delay period is an error patent, it is harmless because the defendant has made no showing of actual prejudice as a result thereof. State v. Brogdon, 426 So.2d 158 (La.1983).
Another error patent exists in that the minute entries in this case do not indicate whether or not the defendant was present at the calling, examination, challenging, impanelling and swearing of the jury as required by LSA-C.Cr.P. art. 831.[1] Although the minutes state the names of the jurors, the number of challenges for cause by each side and the fact that the jury was sworn in, no mention is made of the defendant's presence during this stage of the proceedings.
LSA-C.Cr.P. art. 832 states that a defendant charged with a felony not punishable by death cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present. Defense counsel was present during the jury selection phase. However, as noted above, the minutes do not indicate whether the defendant was present or absent and if he was absent, whether that absence was temporary or voluntary.
The Louisiana Supreme Court has held that the minute entries must affirmatively show that a defendant tried for a felony was present at all of the important trial stages listed in Article 831. State v. Pope, 214 La. 1026, 39 So.2d 719 (1949). In State v. Williams, 260 La. 1153, 258 So.2d 534 (1972), the court faced a similar problem in that the minutes did not indicate whether or not the defendant was present as required under article 831 when the jury returned to the courtroom and requested additional instructions. Without disturbing the verdict or the sentence imposed, the Williams court remanded the case temporarily to the trial court so that a contradictory hearing could be held to show whether or not the defendant was present when the jurors returned for additional instructions. That court also ordered that the minutes be corrected to reflect this information. In this case, because the trial court minutes omit this necessary information *1100 as to defendant's presence during jury selection, the same action must be taken. Therefore, it is ordered that this case be remanded temporarily to the trial court for a contradictory hearing to determine whether or not the defendant was present during the calling, examination, challenging, impanelling and swearing of the jury as required by LSA-C.Cr.P. art. 831. The court is further ordered to furnish this court with a certified copy of the corrected minute entry and a copy of the transcript from the contradictory hearing so that this court can decide this appeal.
TEMPORARILY REMANDED.
NOTES
[1] LSA-C.Cr.P. art. 831 states as follows:

A defendant charged with a felony shall be present:
(1) At arraignment;
(2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made;
(3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.